DOMENGEAUX, Judge.
This is a companion suit to the case of Badeaux v. Patterson Truck Line, Inc. et al., 247 So.2d 875 decided this date. See that case for a discussion of the facts and our holding as to liability. The remaining issue treated herein is that of quantum.
Earl Joseph Hebert was but 22 years of age when he was killed instantly by the accident in question. He was supporting his wife and two and one-half month old daughter on wages which his income tax return for the year 1967 shows to have been $3,795.97. According to the American Experience Mortality Table contained in LSA-R.S. 47:2405 he had a life expectancy of an additional 40.85 years. We realize that this table is now out of date and in doing so, take judicial cognizance of the fact that if anything, his life expectancy would be longer under present day standards.
The only evidence contained in the record with regard to the relationship existing between the decedent and his family is the testimony of his widow. This is to the effect that theirs was a happy, normal marriage, and that the deceased was, up until the time of his premature demise, an af *888 fectionate and considerate husband and father.
Under the jurisprudence we may not make use of any mathematical formu-lae in our quest for a just amount of damages, however it is our duty to consider such factors as decedent’s age, earnings, and life expectancy. Parish v. Minvielle, La.App., 217 So.2d 684. Bearing this in mind, we think that the following sums would be neither excessive nor inadequate, and would do substantial justice between the parties:
To the widow, Bonnie Marie Myers Hebert, individually:
For loss of support. $80,000.00
For loss of love, affection, companionship. 15,000.00
Funeral expenses. 2,062.56
To Bonnie Marie Myers Hebert for and on behalf of the minor daughter, Melissa Ann Hebert:
For loss of support. 25,000.00
For loss of love, affection, companionship. 9,000.00
In setting these amounts we are to some extent guided by the recent cases of Gant v. Aetna Casualty & Surety Co., 234 So.2d 776; writ refused, 256 La. 376, 236 So.2d 503; and Fairbanks v. Travelers Ins. Co., 232 So.2d 323, writ refused, 255 La. 1097, 234 So.2d 194. In the former case no mention is made of the decedent’s age or earnings, however the judgment of $100,-000.00 to his widow included an unallocated amount for his suffering of “a few days” duration prior to his death. In the latter case the judgments of some $90,000.00 were to widows whose husbands had been earning some $1200.00 more per year than was Mr. Hebert, however they were roughly twice Mr. Hebert’s age when they were killed. These cases, then, although not exactly on all fours with the one before us and certainly not controlling, Ballard v. National Indemnity Company of Omaha, Nebraska, 246 La. 963, 169 So.2d 64, do provide a reliable guide.
The Security Insurance Company intervened in this case also, seeking restitution of the amounts said plaintiff in its capacity as Workmen’s Compensation insurer of Rex Truck Line, Inc., the decedent’s employer. The record discloses that inter-venor paid plaintiff the sum of $3,430.00 in compensation payments and $600.00 for funeral expenses for a total of $4,030.00.
For the reasons heretofore assigned in the Badeaux case, supra, intervenor is entitled to recover this sum.
Accordingly the judgment of the trial court, insofar as it dismissed plaintiff’s suit against Patterson Truck Line, Inc. and the Aetna Casualty & Surety Company, the suit of intervenor, Security Insurance Company, and the third party demands of Patterson Truck Line, Inc. and Aetna Casualty & Surety Company against Paul Wilson Girard, is reversed; and it is now;
Ordered, adjudged and decreed that there be judgment herein in favor of plaintiff, Bonnie Marie Myers Hebert, individually and as tutrix of her minor child, Melissa Ann Hebert, and intervenor, Security Insurance Company, and against defendants Patterson Truck Line, Inc. and Aetna Casualty & Surety Company, jointly and in solido, for the sum of $131,062.56, with legal interest from date of judicial demand, and for all costs in this and in the District Court; and that out of such amount the Security Insurance Company shall receive the sum of $4,030.00 paid by it to the said Bonnie Marie Myers Hebert, together with legal interest thereon from date of judicial demand and all costs of its intervention ; and the balance of said amount shall be paid to and be received by plaintiff, Bonnie Marie Myers Hebert indi *889 vidually and in her capacity as natural tu-trix of the minor, Melissa Ann Hebert, with the said minor having an interest therein which is not inconsistent with the overall award and such portion of the sum awarded to intervenor as represents sums paid on her behalf.
It is further ordered, adjudged and decreed that intervenor Security Insurance Company be relieved of any further liability which it may have under the Workmen’s Compensation Law to plaintiff, Bonnie Marie Myers Hebert, individually and as tutrix of her minor daughter Melissa Ann Hebert.
It is further ordered, adjudged and decreed that there be judgment in favor of third party plaintiffs Patterson Truck Line, Inc. and the Aetna Casualty & Surety Company, and against third party defendant Paul Wilson Girard for one-half of the principal sum, interest and costs for which the said third party plaintiffs have herein been cast.
In all other particulars the judgment of the trial court is affirmed.
Affirmed in part, reversed in part and rendered.