JANVIER, Judge.
This is an appeal from a judgment awarding Plaintiff $15,900 as damages incurred when he was struck in the mouth by a piece of wood allegedly as the result of the negligence of the proprietor of the Defendant woodcraft shop. Defendants are Modern Woodcraft Company, Inc. and its insurer The Phoenix of Hartford Insurance Co.
The facts are not in dispute. Plaintiff, a contractor, entered the Defendant woodcraft shop and approached the proprietor, Mr. Henry Marquize, who was operating a table saw at the time, to inquire about some disappearing stairs which he had ordered. At Plaintiff’s approach, Mr. Marquize turned off the machine, entered into a brief conversation with Plaintiff, following which Plaintiff stepped approximately 19 feet to the rear of the machine at which time Mr. Marquize resumed work. Suddenly the machine threw back a piece of wood which hit Plaintiff in the mouth causing him severe injury.
We find that the doctrine of res ipsa loquitur is applicable here, shifting the burden of proof to Defendants to prove lack of negligence. The two requisites of the doctrine in Louisiana are: (1) that the thing which caused the injury was under the control of the defendant and (2) that the injury was such that it does not ordinarily occur if the person having control uses proper care. Bruchis v. Victory Oil Co., 179 La. 242, 153 So. 828; Great American Indemnity Company v. Ford, La.App., 122 So.2d 111; Vogt v. Hotard, La.App., 144 So.2d 714.
 Here the table saw was under the exclusive control of Mr. Marquize and the accident was clearly one which would raise the presumption of negligence. The Defendants did not sustain the burden of proving Mr. Marquize’s freedom from negligence, his only explanation being that the saw might have hit a “bow” in the wood as the machine seemed to jam right before the accident. His testimony was to the effect that he was well aware of the danger that the machine could throw back wood and explained that was the reason he did not stand at the rear of the table saw but rather at its side. Thus he clearly had the duty to warn his invitee-customer of this danger.
Defendants allege two defenses: (1) If Mr. Marquize was negligent, then Plaintiff was contributorily negligent, and (2) that Plaintiff assumed the risk. We find no merit in-either of these contentions. With regard to contributory negligence, Plaintiff placed himself 19 feet from the saw at the time of the accident. (Mr. Mar-quize stepped off the distance himself.) While Plaintiff was unfamiliar with the type of saw being used, Mr. Marquize was thoroughly familiar with it. It was Mr. Marquize’s testimony that he resumed working because he concluded Plaintiff was in a safe place. Certainly Plaintiff was entitled to reach the same conclusion.
*341 With regard to assumption of risk, Plaintiff had visited the woodworking section of Defendant’s establishment approximately 150 times before the accident and there is no evidence that he was ever warned of any danger.
Regarding quantum, Plaintiff, aged 32, lost all of his upper teeth which had to be replaced by a complete upper plate. Although he lost only three of his lower teeth which were replaced by a partial plate, his ■dentist, Dr. Val Acosta, testified that he advised Plaintiff to have all of his lower teeth ■extracted because the remaining teeth were too weak to support the plate. Plowever, Plaintiff refused to allow him to remove all ■of his lower teeth. When asked how long the partial plate would be satisfactory, Dr. Acosta answered, “Two years or five years, it’s hard to say, other patients may have a ■cuspid that wouldn’t last as long as this, you can’t say, I mean it’s human nature.” In addition, Plaintiff had a one-half-inch square of his upper lip gouged out and plastic surgery was necessary to reconstruct that portion of the lip which was slightly shortened and which Plaintiff testified still feels “stiff” and pulled to one side. Plaintiff also has a permanent noticeable star-shaped scar from which other tiny scars radiate.
Plaintiff was hospitalized for seven days, remained at home for two or three weeks ■during which time he could only eat soft foods and his mouth was extremely sensitive to cold. After this period of time, the teeth were pulled and he was fitted with the dental plates. At the time of the trial, 11 months after the accident, he was still having difficulty adjusting to the dentures.
The special damages amounted to $976.-45; therefore the award for pain and suffering was approximately $14,900. Our attention has been directed to Champagne v. Southern Farm Bureau Cas. Ins. Co., 170 So.2d 226, in which the Plaintiff, aged 40, required both upper and lower plates as a result of an accident and suffered some facial scarring. In the cited case we raised the award from $3,500 to $7,500. However, in that case the plaintiff lost only 16 teeth in all, whereas the Plaintiff in the instant case lost all of his upper teeth and sustained such damage to the lower teeth that, in the opinion of Dr. Acosta, it was advisable that they also be removed and a complete lower denture replace them. This was not done because the Plaintiff preferred to wait and see whether the lower denture would prove satisfactory. Again we note that Dr. Acosta felt that the lower denture would prove temporary and that within a few years it would be necessary to employ the use of a complete lower denture.
In addition, the Plaintiff in the instant case lost part of his upper lip resulting in the shortening thereof. Considering the Plaintiff’s age at the time of the accident; the violent nature of the accident; the considerable pain and suffering; the fact that, in effect, he lost all of a full set of teeth; he has a noticeable permanent scar and a permanent shortening of his lip, we do not believe the trial judge abused his discretion in the award.
 Defendants object to the payment of special damages on the ground that these were paid by Plaintiff’s workmen’s compensation insurer who did not intervene. However, the applicable rule of law is that in an action in tort by an injured employee a!gainst a third-party tort-feasor, where the liability of the tort-feasor is established and the employer does not intervene for reimbursement of compensation benefits, the plaintiff is entitled to recover the full amount of damages sustained by him without the deduction of the amounts which he has received from his employer as compensation benefits. Richoux v. Grain Dealers Mutual Insurance Co., 175 So.2d 883, and the cases cited therein. The reason for this result was expressed by this court in De Roode v. Jahncke Service, 52 So.2d 736:
“It is contended also that the employee himself cannot recover for those additional medical expenses, since they were *342 neither paid nor contracted for by him but were contracted for by the employer or by the employer’s insurer. The argument is that since the employer did not become obligated for these expenses, he did not sustain that loss and cannot recover on that particular part of his claim.
“This contention overlooks the well settled principle that an injured party, or one who sustains a loss as the result of the negligence of another may recover the full amount of his loss from the tort-feasor, even though the loss is partially or wholly made good by an insurer.” 52 So.2d at 744.
For the above reasons the judgment appealed from is affirmed; Defendants to pay all costs in both courts.
Judgment affirmed.