217 So.2d 483 (1968)
Doris Seitz BOOTH
v.
The TRAVELERS INSURANCE CO.
No. 7495.
Court of Appeal of Louisiana, First Circuit.
December 16, 1968.
J. Lynn Ponder, of Ponder & Ponder, Amite, for appellant.
Duncan S. Kemp, III, of Reid & Macy, Hammond, for appellee.
Before LOTTINGER, ELLIS and BAILES, JJ.
LOTTINGER, Judge.
This is a workmen's compensation case wherein the plaintiff, Mrs. Doris Seitz Booth, seeks to recover death benefits in the amount of $14,000.00, plus funeral expenses and contingent expenses as a result of an automobile accident on September 16, 1966, in which Mr. Emmitt Marshall Booth, her husband, was killed. The petition alleges that the late Mr. Booth was killed while in the course of his employment in returning home from work at The Lummus Company. The petition further alleges that the defendant, The Travelers Insurance Company, has refused amicable demand and has arbitrarily and without just, reasonable or probable cause refused to pay workmen's compensation, and, as such, plaintiff is entitled to recover statutory penalties of twelve (12%) per cent, plus reasonable attorney fees of $5,000.00. This suit was filed on February 10, 1967.
Prior to the workmen's compensation suit, on February 3, 1967, Mrs. Doris Seitz Booth filed suit against Liberty Mutual Insurance *484 Company, the insurer of the other driver involved in the fatal accident, to which proceeding the instant defendant never intervened. On March 14, 1967, The Travelers Insurance Company filed an "Exception of No Right or Cause of Action" in the instant proceeding. This exception was based on the allegation that the deceased was not acting in the course and scope of his employment at the time of the accident and, therefore, the plaintiff had no right or cause of action under the Workmen's Compensation Laws of Louisiana. On April 24, 1967, The Travelers Insurance Company filed an "Exception of Vagueness", and both exceptions were tried on May 5, 1967. The exception of vagueness was upheld by the Trial Court, but the exception of no cause and right of action was overruled. The exception of vagueness was subsequently cured by a supplemental and amending petition filed by the plaintiff. On July 20, 1967, the plaintiff, Doris Seitz Booth, entered into a compromise settlement styled "Receipt and Release" wherein she agreed to compromise and settle all claims she may have had against Liberty Mutual Insurance Company and its insured. She further agreed to hold Liberty Mutual and its insured free and harmless from any and all claims arising out of said accident. We note that Travelers Insurance Company was not a party to this agreement. Mrs. Booth received $37,500.00 from this settlement. The Travelers Insurance Company, defendant in the instant proceeding, subsequently on August 14, 1967, moved for a summary judgment, which motion was set for hearing on September 18, 1967. Finally on February 5, 1968, this motion was heard, and the Court ordered that there be judgment in favor of the defendant, Travelers Insurance Company, and against the plaintiff, Mrs. Doris Seitz Booth, dismissing plaintiff's suit at her costs.
The provisions of our compensation law applicable to this situation are LSA-R.S. 23:1101, 23:1102, and 23:1103.
This Court had the occasion in Geter v. Travelers Insurance Company of Hartford, Conn., 79 So.2d 120 (La.App.1st Cir., 1955) to rule on a set of facts which is most similar to the instant case. In the Geter case the plaintiff was injured in an automobile accident in November of 1952. He filed his workmen's compensation suit in May of 1953, to which the compensation carrier denied liability. In June of 1953 the plaintiff filed a suit in tort against the driver of the other vehicle and obtained a judgment which was satisfied in January of 1954. Subsequent to this judgment the workmen's compensation carrier filed a motion to dismiss the plaintiff's suit on the ground that the issues had become moot. In the instant case, the defendant-appellee has filed a motion for summary judgment. The Trial Court granted the motion and dismissed the plaintiff's suit. As in the instant case, the defendant in the Geter case did not intervene in the tort action. In neither situation did the workmen's compensation carrier actually pay any compensation benefits prior to its motion for dismissal.
As to the contention by plaintiff in the Geter case that defendant did not intervene, we held:
"This, to our minds, is of no moment, as an intervention by it would and could have accomplished nothing. This defendant has consistently taken the position that it is not liable to plaintiff for any compensation benefits whatever. How then could it have intervened in the tort action when the statute, LSA-R.S. 23:1103, provides that `the claim of the employer for the compensation actually paid shall take precedence * * *?'" (emphasis by the Court.)
We again feel that the same must be the ruling. The defendant in the instant case was continuously denying liability and, as such, there was no reason to intervene in the tort suit inasmuch as it had not as of that time paid any compensation benefits.
We were of the opinion in the Geter case, supra, that it is not contemplated by the compensation statutes that an injured *485 employee can have double recovery, both in tort and compensation. In the Geter case, we expressed our opinion as follows:
"A mere reading of the Louisiana Workmen's Compensation Law, LSA-R.S. 23:1101-23:1103, reveals that the statute does not contemplate a full double recovery by an injured employee in both tort and workmen's compensation. The statute provides, in the words of Mr. Malone at Page 470 of his book entitled `Louisiana Workmen's Compensation Law and Practice,' `that the victim should not be entitled both to full damages and to compensation.'"
Mrs. Booth in the instant case has recovered full damages from the person who was the cause of the accident within which her husband lost his life, but she now seeks to also recover under workmen's compensation, which would allow her then a double recovery. This we feel the workmen's compensation statute forbids.
Plaintiff-appellant has cited us the case of Nunez v. Modern Woodcraft Co., La. App., 197 So.2d 339 as being applicable here. The cited case is entirely different from the case before us. In the Nunez case, the injured party brought suit against the third party tort feasor and the employer did not intervene, whereas in the instant case the suit for compensation is brought against the employer, and according to the rule laid down in the Geter case, the employer is entitled to a credit. LSA-R.S. 23:1101-23:1103.
The plaintiff prays "for the sum of $14,000.00 with twelve (12%) per cent statutory penalties thereon and attorney fees of $5,000.00 and all costs of this cause and for legal interest at the rate of five (5%) per cent per annum from date of judicial demand until paid, and for funeral expenses of $1,000.00 and the contention expenses of $600.00." There is no question but that the record shows that Mrs. Booth settled her claim against the tort feasor for $37,500.00, which appears from the duplicate original of the compromise settlement agreement filed in the record of this proceeding. We do not feel and cannot conceive that the plaintiff in the instant case could recover if at all from the workmen's compensation carrier a sum of more than $37,500.00. As under the theory of the Geter case, supra, the suit for workmen's compensation should be dismissed.
Therefore, for the above and foregoing reasons, the judgment of the Trial Court is affirmed. All costs to be paid by plaintiff-appellant.
Judgment affirmed.