322 So.2d 287 (1975)
William C. ROBERSON
v.
FONTENOT PETROLEUM CO., INC., et al.
No. 10411.
Court of Appeal of Louisiana, First Circuit.
September 2, 1975.
Rehearing Denied November 24, 1975.
Writ Refused January 14, 1976.
*288 Arthur Howell Andrews and Charles W. Franklin, Baton Rouge, for appellant.
John H. Brooks, New Orleans, for appellee.
Before SARTAIN, COVINGTON and BARNETTE, JJ.
*289 COVINGTON, Judge:
The facts of record disclose that the plaintiff, William C. Roberson, a former employee of Fontenot Petroleum Company, Inc., sustained total and permanent injury to his back during the course and scope of his employment on September 3, 1969. The employee, a service station attendant, fell across a steel grating and injured his back while attempting to wash down an accumulation of gasoline which had allegedly been spilled due to the negligence of an employee of Earl Gibbon Transport, Inc., while that employee was trying to fill underground storage tanks at Fontenot's Service Station.
Bituminous Casualty Corporation, the workmen's compensation insurer for Fontenot, began paying compensation benefits to the employee as provided by law. While receiving these benefits, the employee filed a tort action on March 18, 1970, against Earl Gibbon Transport, Inc., the tortfeasor, and Transport Insurance Company, its insurer, under the provisions of LSA-R.S. 23:1101, with proper notice being given to Bituminous. The latter intervened in the tort action under the provisions of LSA-R.S. 23:1102, and asserted its claim for reimbursement from the tortfeasor that is allowed by LSA-R.S. 23:1103.
The suit came on for trial by jury on March 28, 1972, but shortly after the jury had been selected the employee and the defendant, Earl Gibbon Transport, Inc., and Transport Insurance Company agreed to compromise. After some out-of-court negotiations, the parties went to the judge's chambers and dictated to the court reporter a stipulation of compromise on March 29, 1972. The stipulation provided that Roberson's tort claim against Earl Gibbon Transport, Inc., was compromised for the principal sum of $62,500.00 plus costs, reserving unto Bituminous its right against the defendants for reimbursement of workmen's compensation benefits it had paid or might have to pay in the future to said Roberson. The stipulation further provided that the intervention of Bituminous was continued without date, and that the claim of Bituminous against the defendants would be disposed of at some time in the future by those parties. The stipulation recited that counsel for all parties, including Bituminous, were present while it was being dictated and consented to the compromise.
Yet, subsequent to the compromise agreement, Bituminous did on November 30, 1972, terminate compensation payments to the employee. On April 11, 1973, Roberson filed suit to reinstate his workmen's compensation benefits and the matter was tried on February 28, 1975, resulting in a judgment in his favor. The judgment was read and signed on April 3, 1975, and the defendants have perfected a suspensive appeal.
Appellants base their refusal to make further payments on LSA-R.S. 23:1103, which provides that if damages are recovered in a suit by the employee against the third person, the judgment shall apportion the damages so that the employer's reimbursement take precedence over the claim of the employee. The specific part of the statute upon which the appellants rely reads as follows:
". . . (I)f the damages are more than sufficient to so reimburse the employer, the excess shall be assessed in favor of the injured employee or his dependent, and upon payment thereof to the employee or his dependent, the liability of the employer for compensation shall cease for such part of the compensation due, computed at six per cent per annum, and shall be satisfied by such payment."
There is no merit in appellants' contention. The Supreme Court of our state, in Crabtree v. Bethlehem Steel Corporation, 284 So.2d 545, 555 (La.1973), and this court in Compton v. North River Insurance Co., 281 So.2d 848, 852 (La.App., 1st Cir. 1973), writ denied, 284 So.2d 336, have *290 decided that money received by way of compromise does not represent damages recovered by judgment; therefore an employer cannot receive credit against compensation liability for sums received by an employee through a compromise of a tort claim against a third person.
In the Crabtree case the court stated its basis for decision as follows:
". . . sums received by way of compromise are not paid to satisfy `a legal liability to pay damages', La.R.S. 23:1101, so as to be under the statutory scheme subject to apportionment between the employer and the employee."
To the same effect is the Compton case, wherein the court said:
"Inasmuch as the $11,000 payment was a compromise settlement and did not represent damages recovered by judgment, the employer and its workmen's compensation insurer, which had not intervened, are not entitled to any credit, the first paragraph of R.S. 23:1103 being by its very terms inapplicable. To hold otherwise, in our opinion, amounts to judicial amendment of the statute and a judicial recognition of an inherent right to a credit in favor of the employer or its workmen's compensation insurer or both. Had the Legislature desired to establish such a more extensive right to a credit beyond the terms of R.S. 23:1103, the Legislature would undoubtedly have used more pervasive language in the statute."
Further, in the Compton case the court found it to be crucial that the money received by the employee was not recovered by judgment, "but instead (was) received in compromise settlement of the pending tort suit." In the Crabtree case it is pointed out that LSA-R.S. 23:1101, which forms the basis for LSA-R.S. 23:1102 and 1103, refers to "a legal liability to pay damages" existing in the third person. However, the money paid by a third person as a compromise is not paid to satisfy such "a legal liability", and thus the statutory scheme which ultimately provides for apportionment of the sums recovered between the employer and the employee is inapplicable.
The reasoning behind LSA-R.S. 23:1103 that relieves the employer and its insurer from liability when the employee recovers judgment against the third person for more than the total amount of the workmen's compensation is not that the employer has lost something by the judgment, but rather that the employee should not have a double recovery for his injuries. However, it is pointed out by Crabtree v. Bethlehem Steel Corporation, supra, that when the employee compromises his claim, he is, by the very nature of the compromise, receiving less than the judgment value of his claim. As Justice Tate, in the majority opinion on rehearing, states:
"In a tort suit, a judgment in favor of the plaintiff awards the full damages to which he is entitled. Ordinarily, by a compromise of a tort claim a plaintiff accepts less than the full damages suffered, and a defendant pays a sum not representing the full damages, each balancing the danger of losing against the hope of gaining all."
Thus, the employee is not getting a double recovery when he compromises his tort claim and continues to receive compensation benefits, because the compensation benefits merely augment the money obtained in the compromise to more fully give a full recovery to the employee.
In both the Crabtree and Compton cases, supra, the courts noted that the employer could have protected its rights to reimbursement by intervention in the tort action, but had not intervened, but the court in Crabtree pointed out that by failing to intervene the employer had lost no right it had to reimbursement by the compromise, because "Section 1103 expressly provides *291 that such compromise entered into without its being a party to it does not bind it or affect its rights against the third-person tortfeasors."
In the instant case the rights of Bituminous and Fontenot were protected by their intervention in the tort action and also by the express reservation of their rights in the stipulation to which they assented. It is important to note here, as the court did in the Crabtree case, supra, that the employer and its insurer lost nothing by the employee's compromising his tort action; therefore, they have no inherent right to gain anything.
We hold that an employer cannot receive credit against its compensation liability for sums received by an employee through a compromise of the tort claim against the third person, where the employer, after intervening in the tort action, assents to the compromise. When the employer assents to such compromise, it is binding upon him; LSA-R.S. 23:1103. In the instant case the employer actively participated in the compromise, assented thereto, and reserved all rights against the third person tortfeasor. The contention on this appeal that the intervenor was ready, willing and able to try the intervention at the time of the trial has no significance since there was agreement to the compromise settlement. We might, however, remind the appellants that the stipulation expressly states that their intervention "will be continued without date without present reassignment and the claim of Bituminous Casualty Corporation against the defendants for all amounts previously paid and such amount, if any, that may hereafter be paid under the Compensation laws of Louisiana, will be disposed of at some time in the future by said parties, that is, Bituminous Casualty Corporation and the defendants, in such a manner as they may see fit, either by compromise settlement or future litigation." This does not evidence a ready willingness to proceed with intervention.
Therefore, the employee, William C. Roberson, is entitled to workmen's compensation for 500 weeks at a sum equal to 65% of his wages, because of the total and permanent disability that resulted from his injury; LSA-R.S. 23:1221. In addition thereto, the employee is entitled to have his employer furnish his medical and surgical treatment up to a total of $12,500.00; LSA-R.S. 23:1203. Both awards are subject to a credit of the amounts already paid to the employee and on his behalf by the employer or its insurer. The employee is also entitled to receive interest on the past due installments as prayed for.
We do not find that the employee is entitled to recover penalties and attorney's fees. LSA-R.S. 22:658 only allows such penalties and fees where the insurer's action is arbitrary, capricious or without reasonable cause. In King v. Insurance Co. of North America, 288 So.2d 878, 881 (La.App., 3rd Cir. 1974) the court said:
"In order for a defendant-insurer to be required to pay penalties and attorney fees under LSA-R.S. 22:658 the discontinuance must be found to be arbitrary, capricious, or without probable cause. Defendant's actions can only be judged upon the facts existing and known to him at the time payments were stopped. These facts must justify discontinuance."
When Bituminous stopped payments in December of 1972, and when this suit was filed on April 11, 1973, the jurisprudence of this State appeared to support the insurer's position; Booth v. Travelers Insurance Company, 217 So.2d 483 (La.App., 1st Cir. 1968). Consequently, the insurer's refusal to continue to pay such benefits was not arbitrary, capricious, or without probable cause.
Therefore, the judgment of the trial court is amended to allow legal interest from date of each past due installment until paid and, as amended, is affirmed. All costs are assessed against the appellants.
Amended and affirmed.