415 So.2d 393 (1982)
Maurice STAFFORD
v.
DOW CHEMICAL CORPORATION and the Aetna Life & Casualty Company.
No. 14746.
Court of Appeal of Louisiana, First Circuit.
May 25, 1982.
Michael J. Samanie, Houma, for plaintiff and appellant.
Sidney Patin, Houma, for defendants and appellees.
Before LOTTINGER, EDWARDS, COLE, SHORTESS and CARTER, JJ.
*394 LOTTINGER, Judge.
This is a workmen's compensation suit by Maurice Stafford against his employer, Dow Chemical Corporation (Dow), and its workmen's compensation insurer, the Aetna Life & Casualty Company. From a judgment maintaining a dilatory exception of prematurity, plaintiff has appealed.

FACTS
We glean the following facts from the record. On October 6, 1976, plaintiff was injured in an automobile accident in the course and scope of his employment while riding in a Dow-owned truck. Plaintiff filed a damage suit against the third party tortfeasor and his insurer, and obtained a judgment on October 26, 1977. The defendant insurer, as of December 8, 1980, refused to pay plaintiff any further compensation. On March 5, 1981, a satisfaction of judgment was filed of record with the Clerk of Court of Terrebonne Parish.
Defendants did not intervene in plaintiff's damage suit and do not seek reimbursement for any compensation benefits previously paid by them. They contend that they do not owe any workmen's compensation benefits until the credit which they are entitled to under the damage judgment has been exhausted. Until that time, they argue plaintiff's suit is premature.

ISSUES
The issues are whether defendants received notice of the pending tort suit, and whether the trial judge was correct in sustaining the exception of prematurity.

I
It is apparent from the record and briefs in this case that defendants were never served with any formal or official notice of the filing of suit. However, it is abundantly clear that defendants knew of the pending tort litigation, and that the trial judge was convinced that they knew of the pending suit. Therefore, we conclude as a matter of fact that the defendants knew of the pending damage suit, and thus notice or the lack thereof is not an issue. This issue was basically conceded or abandoned in favor of plaintiff during oral argument.

II
Without question the issue presented by the facts of this case is res nova. Simply stated, is the employer entitled to any credit for workmen's compensation benefits due in the future from a judgment obtained in a damage suit instituted by the employee against a third party tortfeasor when the employer knew of the suit but failed to intervene? The controlling law is found in La.R.S. 23:1101, 1102, and 1103, which provide:
Section 1101:
"When an injury or compensable sickness or disease for which compensation is payable under this Chapter has occurred under circumstances creating in some person (in this Section referred to as third person) other than those persons against whom the said employee's rights and remedies are limited in Section 1032 of this Chapter, a legal liability to pay damages in respect thereto, the aforesaid employee or his dependents may claim compensation under this Chapter and the payment or award of compensation hereunder shall not affect the claim or right of action of the said employee or his dependents, relations, or personal representatives against such third person, nor be regarded as establishing a measure of damages for the claim; and such employee or his dependents, relations, or personal representatives may obtain damages from or proceed at law against such third person to recover damages for the injury, or compensable sickness or disease.
"Any person having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit against such third person to recover any amount which he has paid or become obligated to pay as compensation to such employee or his dependents."
Section 1102:
"If either the employee or his dependent, or the employer, brings suit against a *395 third person as provided in R.S. 23:1101, he shall forthwith notify the other in writing of such fact and of the name of the court in which the suit is filed, and such other may intervene as party plaintiff in the suit."
Section 1103:
"In the event that the employer or the employee or his dependent becomes party plaintiff in a suit against a third person, as provided in R.S. 23:1102, and damages are recovered, such damages shall be so apportioned in the judgment that the claim of the employer for the compensation actually paid shall take precedence over that of the injured employee or his dependent; and if the damages are not sufficient or are sufficient only to reimburse the employer for the compensation which he has actually paid, such damages shall be assessed solely in his favor; but if the damages are more than sufficient to so reimburse the employer, the excess shall be assessed in favor of the injured employee or his dependent, and upon payment thereof to the employee or his dependent, the liability of the employer for compensation shall cease for such part of the compensation due, computed at six per cent per annum, and shall be satisfied by such payment.
"No compromise with such third person by either the employer or the injured employee or his dependent shall be binding upon or affect the rights of the others unless assented to by him."
Previous cases of this court have held that the employer and insurer are not precluded from claiming credit from a judgment received in a damage suit, even though they failed to intervene, when workmen's compensation liability was consistently denied. Booth v. Travelers Insurance Co., 217 So.2d 483 (La.App. 1st Cir. 1968); Geter v. Travelers Insurance Company of Hartford, 79 So.2d 120 (La.App. 1st Cir. 1955).
Additionally, cases hold that where a damage suit is filed, employer fails to intervene, and the suit is settled rather than going to judgment, then the employer is not entitled to any credit from the settlement. Crabtree v. Bethlehem Steel Corporation, 284 So.2d 545 (La.1973); Compton v. North River Insurance Company, 281 So.2d 848 (La.App. 1st Cir. 1973). For a case where the employer intervened in the damage suit, same was settled, and the employer was denied credit, see Roberson v. Fontenot Petroleum Co., Inc., 322 So.2d 287 (La.App. 1st Cir. 1975), writ refused 325 So.2d 277 (La. 1976).
The statutory law, La.R.S. 23:1101, 1102 and 1103, when read together rather than out of context is simple and clear. Section 1101 recognizes the right of the employee and the employer to sue the tortfeasor. If either sues the tortfeasor, he must notify the other, who may then intervene as a party plaintiff in the suit, Section 1102. It must be noted that Section 1102 does not create the right to sue the tortfeasor, but merely requires that notice be given and establishes the right to intervene.
The critical section to the resolution of the issue before this court is Section 1103. Section 1103 provides that "in the event that the employer or the employee or his dependent becomes party plaintiff in a suit against a third person, as provided in R.S. 23:1102 ...," then the judgment is apportioned. The only way the employee or the employer can become a party plaintiff as provided by Section 1102 is by intervening. To become a party plaintiff other than by intervention is covered by Section 1101. Thus the provisions of 1103 which apportion the judgment, or resolve the conflict where there is not enough money in the judgment to reimburse the employer (or more than enough), only come into play in the event that the employee or the employer intervenes.
It is certainly true that the reasoning behind R.S. 23:1101, 1102 and 1103 is to prevent double recovery on the part of the employee, but the scheme set up by the legislature very clearly provides in Section 1103 that the employer must intervene. The vehicle that the employer must use in claiming credit for compensation benefits already paid or to be paid in the future is *396 intervention in the damage suit. Absent that intervention, we know of no provision in the law which authorizes the employer to refuse to pay compensation or to seek a credit. Thus, the dilatory exception of prematurity is without merit.
Therefore, for the above and foregoing reasons, the judgment of the trial court is reversed and remanded for further proceedings consistent with the views hereinabove expressed. All costs of this appeal are to be paid by defendants-appellees.
REVERSED AND REMANDED.
SHORTESS, J., dissents and assigns reasons.
SHORTESS, Judge, dissenting.
I respectfully dissent.
This court has consistently held, in Geter v. Travelers Insurance Company of Hartford, 79 So.2d 120 (La.App. 1st Cir. 1955), and in Booth v. Travelers Insurance Co., 217 So.2d 483 (La.App. 1st Cir. 1968), that when the wage earner obtains a judgment or settlement from the tortfeasor which compensates him fully for damages, neither he nor his dependents may recover additional workmen's compensation benefits, notwithstanding the employer's failure to intervene in the tort action, because to permit same would allow double recovery. Factually, the only difference between the instant case and Geter is that in Geter the compensation carrier took the position that no compensation was legally owing by it, so did not intervene. Here, the employer had no reason for failing to intervene; however, the overriding issue in both cases is double recovery.
Here, we are dealing with a final judgment, not a compromise, which has been satisfied and which supposedly[1] compensated plaintiff in full for the damages he sustained in the work-related accident.
Defendants assert that since plaintiff has recovered a money judgment for his damages, they are entitled to a credit for future workmen's compensation benefits that may be owed. I would hold that plaintiff is not entitled to a double recovery,[2] and a credit would apply against future workmen's compensation benefits, notwithstanding the employer's failure to intervene.
NOTES
[1] On the re-argument of this case, appellant's counsel mentioned for the first time that he settled for less than his judgment because of the insured's policy limits.
[2] A remand is necessary so an evidentiary hearing can be held on the issue of double recovery.