458 So.2d 186 (1984)
SECURITY INSURANCE COMPANY OF HARTFORD and Charles W. Hodges
v.
Darrell DESHOTELS, a/k/a Darrell Deshotel, et al.
Charles HODGES, d/b/a Hodges Tires
v.
Wayne DESHOTEL, Darrell Deshotel and Metropolitan Property and Liability Insurance Company.
Johnnie Lee WILLIAMS
v.
Wayne DESHOTEL, Darrell Deshotel, et al.
Nos. 84-CA-42 to 84-CA-44.
Court of Appeal of Louisiana, Fifth Circuit.
October 11, 1984.
*187 James J. Morrison, Jr., New Orleans, for Security Insurance Company of Hartford, plaintiff-appellant.
Donovan & Lawler, Noel E. Vargas, II, New Orleans, for Darrell Deshotels and Metropolitan Property and Liability Insurance Company, defendants-appellees.
Before BOUTALL, CHEHARDY and DUFRESNE, JJ.
*188 CHEHARDY, Judge.
This appeal involves a dispute between a worker's compensation insurer and a third-party tort-feasor's insurer over reimbursement for compensation and other benefits paid to the injured worker.
Johnnie Lee Williams was seriously injured on August 9, 1980 when the truck he was driving was struck by a van driven by Darrell Deshotels, who had run a red light. Williams was in the course and scope of his employment for Charles W. Hodges, doing business as Hodges Tires. Security Insurance Company of Hartford, worker's compensation carrier for Hodges, ultimately paid over $50,000 in worker's compensation and medical payments as a result of Williams' injuries.
Deshotels' automobile liability insurer was Metropolitan Property and Liability Insurance Company, which had a policy with a single limit of $15,000. Hodges, Williams and Security each filed separate lawsuits against Deshotels and Metropolitan Hodges for property damage to the truck driven by Williams, Williams for his personal injuries, and Security for reimbursement of compensation and other benefits paid on Williams' behalf. (Hodges joined with Security in the latter suit to recover his deductible under the worker's compensation policy.) The three lawsuits were later consolidated.
Security subsequently amended its suit to include a demand against Metropolitan for damages for bad-faith failure to settle within Metropolitan's policy limits. Security alleged it had offered to settle its claim for reimbursement for less than Metropolitan's policy limits, but that Metropolitan "arbitrarily and capriciously" refused to effect such a settlement, thereby violating its obligations and duties to its insured, Deshotels, because of the judgment against him in excess of the policy limits. Security claimed that as a result of this refusal, Metropolitan was obligated for the full amount of the claim directly to Security.
Metropolitan filed a motion to strike the amending petition or, in the alternative, for summary judgment as to the issue raised therein. Metropolitan argued that the only obligation and accountability it owed was directly to its insured, Deshotels. On December 3, 1982 defendants' motion for summary judgment was granted. Security did not appeal that judgment at that time.
Prior to trial, Hodges settled his property damage suit against Deshotels and Metropolitan for $4,000 and Williams settled his personal injury suit for $2,000. This left only $9,000 of Metropolitan's policy limits available to satisfy Security's reimbursement claim; any judgment in excess of that would be against Deshotels alone.
Trial on the merits took place on March 18 and April 21, 1983. On May 17, 1983 the district court awarded judgment in favor of Security against Metropolitan in the amount of $9,000, plus interest and costs. On May 26, 1983 the district court awarded judgment in favor of Security against Deshotels in the amount of $56,738.13, plus interest and costs. Security filed a petition for devolutive appeal, which was granted on June 8, 1983.
The record was lodged in this court on January 20, 1984. On April 3, 1984, defendant-appellee Metropolitan filed a motion to partially dismiss the appeal, on the ground that Security had failed to appeal timely the summary judgment dismissing its bad-faith claim against Metropolitan. We referred the motion to the merits of the appeal.
The primary issue addressed by Security on appeal is whether Metropolitan is liable to it for bad-faith failure to settle. As mentioned above, summary judgment dismissing this portion of appellant's claim was rendered in December 1982; no appeal was taken. Security's petition for appeal was filed more than six months later, after judgment had been rendered on the rest of Security's claim. In the petition for appeal, Security specifically stated it was requesting a devolutive appeal from the judgments of May 17 and May 26, 1983; no mention was made of the December 3, 1982 summary judgment.
*189 All summary judgments, whether they grant all or only a part of the relief prayed for, are final judgments and consequently are appealable. National Safe Corporation v. Benedict & Myrick, Inc., 367 So.2d 871 (La.App. 1 Cir.1978); see also, Levy v. Stelly, 248 So.2d 845 (La.App. 4 Cir.1971). Where no application for new trial is filed following rendition of an appealable judgment, the time for taking a devolutive appeal begins to run upon expiration of the delay for applying for new trial. LSA-C.C.P. arts. 1974, 2087. Where, as happened here, no devolutive appeal is taken within 60 days of the expiration of the delay for applying for new trial, the appellate court is without jurisdiction to hear the appeal. LSA-C.C.P. art. 2088; McKean v. Campbell, 392 So.2d 129 (La.App. 1 Cir.1980).
In oral argument to this Court, however, appellant pointed out the following minute entry of November 23, 1982: "Mot. to strike taken up and argued. Mot. to strikesustained. Mr. Vargas to prepare judgment." As signed by the trial judge, on the other hand, the judgment was rendered as a summary judgment. In contrast to a summary judgment, a judgment on a motion to strike is interlocutory and thus appealable only after final judgment on the merits. Because of the possible confusion on appellant's part due to the discrepancy between the minute entry and the written judgment, we will briefly address the merits of Security's claim on the bad-faith failure to settle issue.
LSA-R.S. 22:658 provides for the payment of penalties and attorney's fees by an insurer to the insured for arbitrary or capricious failure to pay claims due an insured. The statute specifically states the penalty is "payable to the insured * * *." Security is not an insured under the provisions of Metropolitan's policy; Security's right to sue Metropolitan arose only within the confines of the Direct Action Statute, LSA-R.S. 22:655, as an "injured party." Any rights that may have arisen as a result of Metropolitan's settlements with Williams and Hodges, or its failure to settle for all its policy limits with Security, inure to Metropolitan's insured, Deshotels. See Aswell v. United States Fidelity and Guaranty Co., 264 So.2d 656 (La.App. 3 Cir.1972); Michel v. Guillot, 186 So.2d 889 (La.App. 1 Cir.1966).
Thus, whether we consider the bad-faith issue on its merits or as the subject of an untimely appeal, this portion of Security's claim must be denied.
The only question remaining on appeal is whether the trial court erred in granting Metropolitan credit for the $2,000 settlement with Johnnie Williams. Security contends that the statutory rights accruing to a compensation insurer under LSA-R.S. 23:1101-1103 include a priority over the injured employee in recovering from the insurer of the third-party tort-feasor. Appellant argues that, because the settlement between Metropolitan and Williams was confected without Security's approval, the $2,000 payment made thereunder should not be recognized by the court.
The following are the pertinent parts of the relevant statutes:
"Any person having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit against such third person to recover any amount which he has paid or become obligated to pay as compensation to such employee or his dependents." R.S. 23:1101.
"If either the employee or his dependent, or the employer, brings suit against a third person as provided in R.S. 23:1101, he shall forthwith notify the other in writing of such fact and of the name of the court in which the suit is filed, and such other may intervene as party plaintiff in the suit." R.S. 23:1102.
"In the event that the employer or the employee or his dependent becomes party plaintiff in a suit against a third person, as provided in R.S. 23:1102, and damages are recovered, such damages shall be so apportioned in the judgment that the claim of the employer for the compensation actually paid shall take *190 precedence over that of the injured employee or his dependent; and if the damages are not sufficient or are sufficient only to reimburse the employer for the compensation which he has actually paid, such damages shall be assessed solely in his favor * * *.
"No compromise with such third person by either the employer or the injured employee or his dependent shall be binding upon or affect the rights of the others unless assented to by him." R.S. 23:1103.
R.S. 23:1101 gives the employee a right to sue a third party in tort; its last paragraph allows an employer or insurer who has paid compensation the right to a suit. R.S. 23:1102 requires that one who has brought a suit against a third party shall notify the other and the other may intervene as party plaintiff in the suit. R.S. 23:1103 provides for apportionment of damages in a suit so as to give preference to the employer's claim for reimbursement; alternatively, if either party plaintiff compromises with the third party without consent of the other, the other's rights are not affected.
Security refers in particular to Section 1103, arguing that Williams' compromise with Metropolitan affected Security's rights against Metropolitan. Security states it was entitled to the full amount of Metropolitan's policy limits in preference to Mr. Williams' claim because the policy limits clearly were for less than the amounts paid by Security.
In opposition, Metropolitan cites Lalande v. Index Geophysical Survey Corp., 336 So.2d 1054 (La.App. 3 Cir.1976), which held that the right to compromise a claim against a third party belongs to the injured employee or his beneficiaries and does not require the assent of his employer or its workers' compensation carrier. Metropolitan argues,
"It is clear that the intent of [R.S. 23:1103] provides that the employer (or workman's compensation carrier) is entitled to recover his damages taking precedence over that of the injured employee only if a judgment is rendered. Since the compromise entered into by Metropolitan [was] prior to the ultimate judgment rendered in the case, Security is not entitled to any credit or reimbursement of any of the compromised funds from Metropolitan. * * *"
We distinguish Lalande, however. The settlement in that case was made under a hold-harmless agreement, under which the injured worker agreed to defend and indemnify the third-party tort-feasors against the intervention of the compensation carrier. The court ruled that the compensation carrier was not entitled to judgment in its favor before trial on the merits of the tort claim. Rather, the court pointed out in dicta, the intervenor's remedy was to pursue its claim against the third party. At trial on the merits, the plaintiffs, defending the tort-feasor pursuant to the hold-harmless agreement, presented evidence of their own contributory negligence; the court concluded this would have barred the plaintiffs' own recovery in tort, and therefore it barred recovery by the compensation carrier.
In Stafford v. Dow Chemical Corp., 415 So.2d 393 (La.App. 1 Cir.1982), the court held that apportionment of a judgment under R.S. 23:1103 takes place only where the employer or his insurer has intervened in the employee's lawsuit. However, the Stafford case did not decide any rights between the compensation carrier and the tort-feasor, but merely determined whether the compensation carrier could claim a credit against the obligation it later owed the injured worker.
We see no difference in the legal rights between the parties, whether there is an intervention as provided by Section 1102 or both parties sue and the cases are consolidated as occurred here. The main consideration is a determination of the rights of the parties-plaintiff against the defendants. The law as it existed at the time relevant to this case seems to provide for a joint consideration of those rights. In other words, if a judgment is rendered, then the details of the judgment and the allotment of the *191 money are set out specifically in the statute. The statute does not specifically set out how the money is to be apportioned when a compromise has occurred. Presumably, however, the legislature was not concerned with that at all, because the statute does not provide for a compromise binding on both parties without the consent of both parties. If there is a compromise by one without the other's consent, the law specifically states that the compromise shall not be binding upon or affect the rights of the other.
As applied to our case, the plain language of R.S. 23:1103 mandates that the compromise effected by Williams without the consent of Hodges and Security cannot be binding upon or affect the rights of the latter litigants.
Holtzclaw v. Falco, Inc., 355 So.2d 1279 (La.1978), upon which the district judge relied in awarding Security only $9,000 against Metropolitan, is not decisive of the problem in our case. Holtzclaw involved simply a question of direct actions in tort for damages and had nothing to do with workers' compensation cases. Indeed, the Holtzclaw court remarked that there is nothing in the Direct Action Statute giving a right of action other than under the terms of the insurance policy made the basis of a direct action suit. We point out that in the workers' compensation statutes there is a direct and extra right of suit given without regard to R.S. 22:655.
Accordingly, we conclude that Security is entitled to recover from Metropolitan the $2,000 paid to Williams in the compromise made without Security's consent.
For the foregoing reasons, the judgment of May 17, 1983 is amended to increase to $11,000 the amount awarded to Security Insurance Company of Hartford against Metropolitan Property and Liability Insurance Company. In all other respects, the judgments appealed are affirmed.
JUDGMENT OF MAY 17, 1983 AMENDED AND AFFIRMED; JUDGMENTS OF DECEMBER 3, 1982 AND MAY 26, 1983 AFFIRMED.