DUFRESNE, Judge.
This matter is before us on a motion, ex proprio motu, to dismiss the appeal as untimely filed.
Defendant, Union International Insurance Company, filed this appeal motion on September 10, 1987, seeking review of a May 22, 1987 judgment awarding $80,000 to the plaintiff. On June 19, 1987, the defendant filed a “Motion to Stay” expressing a desire to appeal but suggesting to the court that such an appeal was stayed by virtue of a “Rehabilitation Order” issued by the Court of Chancery of the State of Delaware.
An order was signed by the trial judge on June 19,1987, staying all proceedings in this matter and specifically suspending all delays for filing an appeal. That order was vacated on August 14, 1987.
C.C.P. art. 2087 provides that a de-volutive appeal must be taken within sixty days of the expiration of the delay for applying for a new trial, or the court’s refusal to grant a timely application for a new trial. Such time restrictions are jurisdictional. Where no devolutive appeal is taken within the delays provided in C.C.P. art. 2087, the appellate court is without jurisdiction to hear the appeal. Security Insurance Company of Hartford v. Deshotels, 458 So.2d 186 (La.App. 5th Cir.1984).
The statutory delay for perfecting an appeal is absolute. It cannot be extended by the trial court, counsel or the appellate court. See Succession of Rolland, 360 So.2d 213 (La.App. 4th Cir.1978) and cases cited therein.
*188 Thus, the “Motion to Stay” filed on June 19, 1987, purporting to stay all proceedings in this matter was without any effect. To allow such a legal manuver to have any effect will only lead to the frustration of appellate process. Once a judgment is rendered by the trial court, any aggrieved party must follow the Code of Civil Procedure explicitly in perfecting a review before the appellate court. As we stated in Succession of Blythe, 466 So.2d 500 (La.App. 5th Cir.1985) “procedural law should be strictly construed and applied when it is free and clear from ambiguity”.
The trial court has no authority to stay the time delays for applying for an appeal. In the present case, the defendant should have timely appealed and then applied to this court for relief if they chose to do so.
For the foregoing reasons, the appellant's appeal was untimely and this court lacks jurisdiction to review the case. The appeal is dismissed at appellant’s cost.
APPEAL DISMISSED.