LOBRANO, Judge.
Plaintiff, Lyle Rice, appeals the dismissal of his suit for worker’s compensation benefits against his employer, Flour Contractors, Inc. (Flour) and its compensation carrier, Hartford Insurance Company (Hartford) by the trial court on a motion for summary judgment. The pertinent facts are as follows:
*1055 On August 31, 1983, Rice, an employee of Flour, was working at the Tenneco Refinery in St. Bernard Parish. An explosion occurred injuring Rice and a number of employees of Gaffney, Inc. Rice sustained severe injuries to his knees.
Tort suits were subsequently filed by all victims including Rice. These suits were consolidated for trial and assigned to the Honorable Thomas McBride. Due to the complexity of the case, the trial court bifurcated the issues of liability and quantum.
Following a six week trial, the jury returned a special verdict finding Tenneco seventy-five per cent at fault; Flour, twenty-five per cent at fault and Gaffney, zero per cent at fault. Rice was awarded $300,-000.00 plus interest from date of judicial demand. His wife, Mary Ellen, received $45,000.00 plus interest from date of judicial demand for loss of consortium.
Although Hartford intervened in the third-party tort actions filed by all plaintiffs, including Rice, it did nothing in furtherance of the intervention. Hartford did not submit a pre-trial order nor did counsel appear on Hartford’s behalf with respect to its intervention during trial of the tort claims.[1]
Following the liability portion of the trial, Tenneco, its liability insuror, Travelers Insurance Company and two of the injured Gaffney employees, moved for dismissal of Hartford’s petition for intervention. On June 19, 1986, after a hearing on the motion, the trial court dismissed Hartford’s petition for intervention. This ruling was in favor of “all the Gaffney employees”. It did not encompass the tort suit filed by Rice. Subsequently, on June 23, 1986, at the beginning of the quantum portion of Rice’s trial, Hartford, appearing through counsel, notified the court that “... Hartford will waive intervention in Lyle Rice’s case.” Thus, when the jury verdict was returned and the judgment awarding Rice $300,000.00 was entered, Hartford was no longer an intervenor in Rice’s third-party tort action.
At the time of the explosion, Hartford was the compensation carrier for Flour and Gaffney. Based upon Rice’s injuries, Hartford commenced payment of worker’s compensation benefits and medical benefits. On February 26, 1985, Hartford controverted Rice’s further entitlement to compensation benefits which were terminated prior to Rice’s judgment in the third party tort action.
After payment of the tort judgment, Rice filed a petition for worker’s compensation against Flour and Hartford wherein Rice asserted he is entitled to compensation benefits and medical expenses beginning January 1, 1986 and continuing for the duration of his disability. Flour and Hartford then filed a Motion for Summary Judgment asserting that Rice was not entitled to a double recovery in the form of additional compensation benefits since he had already received $300,000.00 pursuant to the judgment in the third party tort action. Rice opposed the motion on the ground that Hartford dismissed its intervention and thus was not entitled to a credit for future compensation benefits.
Following a hearing on the motion, the trial court determined that Rice was not entitled to make a double recovery and confirmed Hartford’s right to a credit for future benefits. This appeal followed.
For the following reasons, we reverse and remand for a trial on the merits.
A motion for summary judgment is proper only if the pleadings, depositions and affidavits show there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law and any doubt resolved against the granting of summary judgment and in favor of a trial on the merits to resolve disputed facts. La.C.C. Pro. Art. 966; Thornhill v. Black, Sivalls and Bryson, Inc., 394 So.2d 1189 (La.1981). Only when reasonable minds must inevitably conclude that the mover is entitled to a judgment as a matter of law on the facts is a summary judgment warranted. Chaisson v. Domingue, 372 So.2d 1225 (La.1979). Summary judgment is not to be used as a *1056 substitute for a trial on the merits. Brister v. Parish of Jefferson, 393 So.2d 883 (La.App. 4th Cir.1981).
The legal issue presented for our review is whether Hartford, as a matter of law, is entitled to a credit against any future worker’s compensation benefits due up to the amount of the tort judgment obtained by Rice when Hartford knew of the tort suit, intervened, but subsequently dismissed its intervention.
The pertinent statutes are found in La. R.S. 23:1101, 1102 and 1103 which provide: Section 1101:
“When an injury or compensable sickness or disease for which compensation is payable under this Chapter has occurred under circumstances creating in some person (in this Section referred to as third person) other than those persons against whom the said employee’s rights and remedies are limited in Section 1032 of this Chapter, a legal liability to pay damages in respect thereto, the aforesaid employee or his dependents may claim compensation under this Chapter and the payment or award of compensation hereunder shall not affect the claim or right of action of the said employee or his dependents, relations, or personal representatives against such third person, nor be regarded as establishing a measure of damages for the claim; and such employee or his dependents, relations, or personal representatives may obtain damages from or proceed at law against such third person to recover damages for the injury, or compensable sickness or disease.
Any person having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit against such third person to recover any amount which he has paid or become obligated to pay as compensation to such employee or his dependents.”

Section 1102:

“If either the employee or his dependent, or the employer, brings suit against a third person as provided in R.S. 23:1101, he shall forthwith notify the other in writing of such fact and of the name of the court in which the suit is filed, and such other may intervene as party plaintiff in the suit.”
Section 1101 recognizes the right of the employee and the employer to sue the tort-feasor. Section 1102 mandates that if either sues the tortfeasor, he must notify the other, who may then intervene as a party plaintiff.
It is Section 1103 which is crucial to resolution of the issue before this Court. Section 1103 provides:
“In the event that the employer or the employee or his dependent becomes party plaintiff in a suit against a third person, as provided in R.S. 23:1102, and damages are recovered, such damages shall be so apportioned in the judgment that the claim of the employer for the compensation actually paid shall take precedence over that of the injured employee or his dependent; and if the damages are not sufficient or are sufficient only to reimburse the employer for the compensation which he has actually paid, such damages shall be assessed solely in his favor; but if the damages are more than sufficient to so reimburse the employer, the excess shall be assessed in favor of the injured employee or his dependent, and upon payment thereof to the employee or his dependent, the liability of the employer for compensation shall cease for such part of the compensation due, computed at six per cent per annum, and shall be satisfied by such payment.” (emphasis added)
Section 1103 clearly provides that the “judgment is apportioned” only “in the event the employer ... becomes party plaintiff” in the suit against the third party tortfeasor. The only way the employer can become a party plaintiff, pursuant to section 1102, is by intervention. Stafford v. Dow Chemical Corporation, 415 So.2d 393 (La.App. 1st Cir.1982). See also, Roche v. Big Moose Oil Field Truck Service, 381 So.2d 396 (La.1980); Crabtree v. Bethle *1057 hem Steel Corporation, 284 So.2d 545 (La.1073).[2]
Therefore, it is clear that the vehicle which must be used by a compensation carrier in order to receive credit for compensation benefits that may be due the employee is intervention. Absent intervention, we know of no provision in the law which authorizes the employer/compensation carrier to refuse to pay compensation or to receive a credit against the employee’s award of damages against the third party tortfeasor. Hartford voluntarily dismissed its suit for intervention in Rice’s tort action. Absent any statutory or jurisprudential law to the contrary, we must conclude this dismissal is tantamount to a failure to intervene. Hartford is not entitled, as a matter of law, to the credit it seeks.
Hartford argues that it did not voluntarily dismiss its intervention in Rice’s tort suit, but that its dismissal was the result of the trial court’s ruling the prior Friday wherein Hartford’s intervention was dismissed as to all other plaintiffs except Rice. Hartford asserts that the court’s ruling was predicated on a finding of “waiver of subrogation” clause in its compensation policy. We disagree.
The court’s ruling was based on Hartford’s failure to participate or appear at trial, including the pre-trial conference, their failure to prove a right or amount of reimbursement, as well as their waiver of subrogation. Had Hartford not voluntarily dismissed their intervention in the various suits, it is clear the court would have dismissed them for failure to prove their right of reimbursement or credit. Thus, once Hartford failed to prove their claim, they lost their right to any reimbursement. Under either scenario, either voluntary dismissal, or dismissal by judgment after trial, they no longer can seek a credit against compensation paid or to be paid.
In Kennedy v. Mitchell Engineering, supra at ftn. 2, the trial court’s judgment in plaintiff’s third party tort suit specifically recognized the compensation intervenor’s right to a credit for, not only past compensation, but any future compensation obligations it may have. However, the compensation insurer properly intervened in plaintiff’s tort claim and asserted and proved their right to a set off. This court recognized that procedure as correct. Certainly, had the intervenor failed to prove its claim, it could not have asserted it again at a later date when the plaintiff sought additional compensation or medical expenses. We see no difference between that scenario and the one presented by the instant case. Either the compensation insurer seeks reimbursement (or credit) against the tort-feasor, or it does not.
We hold that a compensation insurer should not get a credit or offset against the future compensation claims of an employee where the insurer did not intervene in the tort suit, or intervened, but later voluntarily dismissed its intervention or intervened, but failed to prove its right to reimbursement.
For the foregoing reasons, the judgment of the trial court is reversed and remanded *1058 for a trial on the merits. All costs of the appeal to be paid by defendant-appellee.
REVERSED AND REMANDED.

. Hartford’s appeal counsel did not represent Hartford in the trial court. They were retained subsequent to the trial court’s ruling which is the subject of this appeal.

. The cases relied upon by Hartford can be factually distinguished.
In Shiver v. Wilson's Department Store, 559 So.2d 864 (La.App. 4th Cir.1990), plaintiff failed to notify the compensation carrier of his suit against the tortfeasor and later entered into a settlement with the tortfeasor without notifying the compensation carrier; In Geter v. Traveler’s Insurance Company, 79 So.2d 120 (La.App. 1st Cir.1955), since the compensation carrier never paid benefits, there was no reason for the compensation carrier to intervene; In Booth v. Travelers Insurance Company, 217 So.2d 483 (La. App. 1st Cir. 1968), writ den. 253 La. 869, 220 So.2d 456 (La.1969), compensation carriers did not intervene because it contested liability for compensation and none was paid.
The following cases are inapplicable because the compensation carriers were given credit after they properly intervened: Kennedy v. Mitchell Engineering, 518 So.2d 1128 (La.App. 4th Cir.1987), writ den. 523 So.2d 231 (La.1988); Landaiche v. LouCon, 461 So.2d 1107 (La.App. 5th Cir. 1984); Lachney v. Motor Parts & Bearing Supply, 357 So.2d 1277 (La.App. 3rd Cir.1978); Billeaud v. United States Fidelity and Guaranty Co., 349 So.2d 1379 (La.App. 3rd Cir.1977); Hebert v. Patterson Truck Line, Inc., 247 So.2d 886 (La.App. 3rd Cir.1971), cert. den. 259 La. 77, 249 So.2d 209; Bloomer v. Liberty Mutual Insurance Company, 445 U.S. 74, 100 S.Ct. 925, 63 L.Ed.2d 215 (1980).