227 So.2d 171 (1969)
John T. BELL, Plaintiff-Appellant,
v.
CAROLINA CASUALTY INSURANCE COMPANY, Easom Wood Products, Inc., and Horace Edward Ledbetter, Defendants-Appellees.
OLINKRAFT, INC., Plaintiff-Appellant,
v.
CAROLINA CASUALTY INSURANCE COMPANY et al., Defendants-Appellees.
Nos. 11258, 11259.
Court of Appeal of Louisiana, Second Circuit.
September 22, 1969.
Rehearing Denied October 20, 1969.
Writ Refused January 9, 1970.
*172 Gamm, Greenberg & Kaplan, Shreveport, for John T. Bell, appellant; Irving M. Greenberg, Shreveport, of counsel.
Mayer & Smith, Wilkinson, Woods, Carmody, Meadows & Hall, Shreveport, for Carolina Cas. Ins. Co. and others, defendants-appellees; Charles L. Mayer, Arthur R. Carmody, Shreveport, of counsel.
Wilkinson, Woods, Carmody, Meadows & Hall, Shreveport, for Olinkraft, plaintiff-appellant; Arthur R. Carmody, Shreveport, of counsel.
Before AYRES, DIXON and PRICE, JJ.
Rehearing Denied in No. 11258 October 20, 1969.
PRICE, Judge.
This is an appeal by the plaintiffs (in consolidated tort actions) whose demands were rejected by the trial court on a finding of contributory negligence.
John T. Bell was employed by Olinkraft, Inc., a manufacturer of wood products in their Shreveport, Louisiana, plant. On November 14, 1966, he was operating a tractor equipped with railroad wheels connected to a trailer or buggy, which is either pushed or pulled on a rail track to distribute poles into bins situated adjacent to the track. This track is intersected by a private road at a point approximately 250 feet from the pole peeler which is the point where the pole distribution vehicle obtains its load and begins its operations. The tractor may be operated either forward or backward but is unable to turn around. On the backward movement the operator sits facing the load and pulls the buggy rather than pushes it. Bell, on this occasion, was pulling the buggy of poles from the peeler and was backing the tractor in the direction of the intersecting private plant road. At about this time a truck loaded with poles owned by Easom Wood Products, Inc., and driven by Horace Edward Ledbetter, was engaged in delivery of poles to the Olinkraft plant. Ledbetter was attempting to back his truck into an area adjacent to the track to place his load of poles in a place designated by the personnel of Olinkraft. In so doing, it was necessary that he back his load of logs across the track on which Bell was traveling backwards. During a portion of his backing maneuvers he was unable to see the track, and when his vision of the track area was again acquired, the tractor was in such close proximity that he could not move his truck forward fast enough to clear the track and prevent Bell from backing into the load of poles. Bell suffered extensive personal injuries as a result of the collision.
Two tort actions and a workmen's compensation suit were filed as a result of this incident. Although these three actions were consolidated for the purpose of trial, we have only the tort actions before the court on this appeal. In Suit No. 11,258, John T. Bell sued Horace Edward Ledbetter, Easom Wood Products, Inc., and their insurer, Carolina Casualty Insurance Company, seeking to recover damages for personal injuries, medical expenses and loss of earnings. These defendants filed a third party demand against the employer of the plaintiff, Olinkraft, Inc., and three of its supervisory personnel, asking that should any judgment be awarded against the defendants, *173 then they should have judgment for this amount against third party defendants on the theory that Olinkraft, and certain of its officers, were responsible for the hazardous conditions which caused this accident. It is asserted that the company utilized the tractor buggy device to distribute poles which required the operator to sit facing away from the direction he is proceeding while traveling easterly, with instructions that he could disregard traffic crossing on the private road as he would be warned before vehicles operated in this vicinity.
Defendants, Carolina Casualty, Easom and Ledbetter, filed answers denying liability and asserting the accident was caused solely by the failure of Bell to maintain a proper lookout, and in proceeding in a reversed direction without taking any precautions to assure himself that his path was clear. The plea of contributory negligence is urged for the same reasons.
In Suit No. 11,259, Olinkraft, Inc., brought suit against the same defendants as named in No. 11,258, seeking to recover amounts previously paid or to be paid under the Workmen's Compensation Statute to its employee, John T. Bell, as a result of this accident. Defendants, in answer, asserted the same defenses as urged in Suit No. 11,258. Third party demands also were filed against the same third party defendants on the same basis as urged in the other suit.
After a trial on the merits the trial court found that, although the driver of the truck, Ledbetter, was guilty of gross negligence in backing across the track, which was a proximate cause of the accident, Bell was guilty of contributory negligence. The court found that Bell was negligent in not maintaining any lookout for his own safety. The court thus rendered judgment rejecting plaintiff's demands and the third party demands in each action. Devolutive appeals were perfected by both plaintiffs.
Appellants assign as error the finding of the trial judge that Bell was guilty of any negligence which had any causal connection with this accident.
There is no question in regard to the negligence of defendant, Ledbetter in this matter. However, conceding that Ledbetter was guilty of gross negligence in his actions in backing on the track without proper observation, was Bell also guilty of negligence contributing to the occurrence by not maintaining even the slightest watch to his rear in his backing maneuver? The evidence is clear that Bell made his only observation to his rear at the time he left the pole peeler a distance of some 250 feet from the point of the accident.
Appellants contend that under the circumstances existing in this case, Bell had no duty to look to his rear as he had no reason to expect that any vehicle would pull across the track without first warning him. They urge this assumption is reasonable for the following reasons:
(1). That the track and the intersecting road are both private and situated entirely within the Olinkraft plant yard and not open to any public use.
(2). That very few vehicles ever traverse the private road in question, and that it has been the practice of plant employees to first warn the tractor operator of their intent to cross, in accordance with instructions from Olinkraft.
(3). That stop signs are displayed on either side of the track at its intersection with the road commanding vehicular traffic to stop, thus giving the right-of-way to the distributory buggy if it is operating.
(4). That Bell at the time of the accident was carrying out his duties of employment in the exact manner in which he had been instructed by his employer.
More concisely stated, we are confronted with the question of whether Bell can be excused of his failure to look where he *174 was going merely because he was operating equipment on private property and had been instructed by his employer that he need not keep at watchout for vehicles crossing the intersecting roadway as they were to watch out for him.
All persons owe a duty to observe ordinary care for their own safety. A failure to do something that a person of ordinary prudence would have done under the circumstances would, as a general rule, constitute contributory negligence. Even though Bell may have felt some security from harm because of company instructions to all employees to accord the distributor buggy the right-of-way, he was aware that vehicles driven by third parties occasionally used this road to deliver poles to the plant. Although he testified it was very seldom that a vehicle crossed the track on the private road, the possibility of their presence should have entered his mind. The Ledbetter truck had delivered three or four loads to this exact location on previous occasions. It would be reasonable to assume that non-employees would not be aware of the company instructions protecting the distributory buggy operator. Any intersection of two vehicular courses of travel necessarily suggests a danger of collision. We do not believe that a reasonably prudent person would approach and enter an intersection without ever looking to see if his way is clear.
Had Bell looked back at some point in between his place of origin and the site of the collision, he would surely have seen the Ledbetter truck maneuvering adjacent to or on the track and known of the impending danger. It is obvious from the evidence that this truck was in close proximity to the track for a sufficient period of time before the accident that its presence would have been detected by the exercise of even the slightest degree of care. This omission on the part of Bell, we believe, had a causal connection with this accident.
Appellants have also urged that even if it is found that Bell was guilty of negligence which contributed to the accident, Ledbetter had the last clear chance to have avoided it. The evidence does not show that Ledbetter had the last or a clear chance to have avoided the accident.
For the foregoing reasons we are of the opinion that the trial judge did not commit manifest error in finding that Bell was guilty of contributory negligence which would bar his recovery.
The rights of his employer, Olinkraft, Inc., to recover compensation benefits paid are contingent on his right to recover. Fidelity Union Casualty Co. v. Carpenter, 1929, 12 La.App. 321, 125 So. 504.
It is therefore ordered that the judgments appealed from be affirmed at appellants' cost.