632 So.2d 775 (1993)
Joan Alfano Stafford, Wife of/and Steve Stanley STAFFORD
v.
HEARN CONSTRUCTION COMPANY, INC. and Balcor Property Management, Inc.
No. 92 CA 2335.
Court of Appeal of Louisiana, First Circuit.
December 29, 1993.
Rehearing Denied February 23, 1994.
Harry Widmann, New Orleans, for plaintiff-appellant Joan A. Stafford, et ux.
Dennis Pennington, Baton Rouge, for intervenor-appellee Albertsons, Inc.
Leonard Cardenas, III, Baton Rouge, for defendant-appellant Hearn Const. Co., Inc.
*776 John Thibaut, Jr., Baton Rouge, for defendant-appellee Balcor Property Management, Inc.
Before FOIL, PITCHER and PARRO, JJ.
PITCHER, Judge.
Joan Alfano Stafford (plaintiff) and her spouse, Steve Stanley Stafford, filed suit against defendant, Hearn Construction Co., Inc. (Hearn Construction) to recover damages for personal injuries.[1] Albertsons, Inc. (Albertsons), plaintiff's worker's compensation insurer, intervened in the suit to recover benefits it paid to and on behalf of plaintiff.[2] A bifurcated trial was held, with the jury rejecting plaintiff's principal demand, and the trial court entering judgment in favor of the worker's compensation insurer against Hearn Construction. From these inconsistent verdicts, plaintiff and Hearn Construction appeal.

FACTS AND PROCEDURAL HISTORY
On November 4, 1987, plaintiff was walking across the parking lot to Albertsons in the Hammond-Aire Plaza Shopping Center in Baton Rouge, Louisiana, where she was employed in the bakery department. As plaintiff approached the store, she allegedly stepped on a concrete speed bump which had been constructed in front of Albertsons Drugstore approximately one week earlier. Hearn Construction had designed and constructed the speed bump pursuant to a contract which it had entered into with Albertsons.
Plaintiff alleges that, as she stepped on the straight edge of the speed bump, her foot dropped down and she lost her balance. Plaintiff further alleges that the ball of her foot landed on a fragment of concrete, which slid, and that she fell down, landing on her hands and knees on concrete in front of a handicap ramp at the store's entrance. The speed bump in question was approximately four to five inches high and had a straight drop-off around the edges of about two inches, with a three to four inch drop-off at the end of the bump near the store where plaintiff crossed it. The speed bump was the same color as the parking lot.
After plaintiff's fall, she went into Albertsons and examined her hands and knees. Plaintiff told the manager of the bakery, Ray Eckles, and another co-worker about the accident and showed them her hands and knees, which were red, scratched and covered with sand and grit. Although plaintiff began to feel stiff later, she neither sought medical treatment nor filled out an accident report on the date of the accident. The next day, however, a report was completed by Mr. Eckles. In relating the details of the accident to Mr. Eckles for the report, plaintiff stated that she had slipped on loose gravel while stepping from the parking lot to the sidewalk ramp at the entrance to the store. No mention of the speed bump appears in this report. On November 10, 1987, plaintiff sought medical attention because she was experiencing pain in her arms, hands, knees, and lower left side of her back. Although the low back pain persisted and worsened over the next few weeks, plaintiff continued to work full-time until February 6, 1988. Plaintiff returned to full-time employment on February 25, 1988.
On July 8, 1988, plaintiff was injured in a second fall when she slipped on a wet floor at work and landed on her buttocks. Although she sustained only a tender tailbone, plaintiff alleges that this fall exacerbated the injuries she sustained in the November 4, 1987 accident.
In February of 1990, plaintiff fell yet a third time when her left leg buckled under her as she walked in her home. Plaintiff badly bruised her right side and hip in this fall and was taken by ambulance to a hospital. Plaintiff attributed this fall to the pain *777 she has suffered since the accident of 1987, and alleged that this fall also aggravated her condition.
Plaintiff subsequently filed this suit. In the petition, plaintiff alleged that Hearn Construction's negligent design and construction of the speed bump caused her to lose her footing and fall to the ground, resulting in her sustaining physical and emotional damages. Steve Stanley Stafford also sought damages for loss of his wife's consortium. Albertsons, which was also the plaintiff's worker's compensation insurer, intervened in the suit to recover compensation benefits which it had paid to or on behalf of plaintiff.
The principal demand was decided by a jury which found that Hearn Construction was negligent in its design and construction of the speed bump, but that the defendant's negligence was not a cause-in-fact of plaintiff's injuries. The trial court entered judgment accordingly and dismissed plaintiff's claims with prejudice at her cost.
The judgment rendered on the jury's verdict did not mention the worker's compensation intervention. As a result, Albertsons filed a motion for the trial court to enter judgment or, alternatively, motion for a judgment notwithstanding the verdict (JNOV) and motion for new trial. Plaintiff also filed a motion for new trial, but by facsimile. The trial court initially granted both parties' motions for a new trial, but later reversed itself and denied the plaintiff's motion for new trial after finding that the motion was not timely filed because of plaintiff's failure to comply with the provisions of LSA-R.S. 13:850.[3]
Regarding the worker's compensation intervention, the trial court entered judgment against Hearn Construction on the issue of liability and awarded Albertsons full reimbursement of the worker's compensation benefits which it had paid to and on behalf of plaintiff, including payments Albertsons made to the plaintiff after the July 8, 1988 fall. Hearn Construction timely appealed from this adverse judgment and submitted the following assignments of error for review:
1. The District Court abused its discretion, was clearly wrong and committed a manifest error in entering an inconsistent judgment in favor of the worker's compensation intervenor and against the defendant when the jury found no liability on the part of the defendant and the plaintiff/employee was not entitled to any recovery from the defendant.
2. The District Court was clearly wrong, abused its discretion and committed manifest error in finding liability on the part of Hearn Construction Company on the worker's compensation intervention.
3. The trial court abused its discretion, was clearly wrong and committed manifest error in entering judgment in favor of the intervenor and awarding full reimbursement to the worker's compensation intervenor for the amounts paid by the intervenor to the plaintiff/employee for worker's compensation benefits arising after the subsequent and unrelated fall occurring on July 8, 1988.
The plaintiff also timely appealed from the judgment rendered on the jury verdict dismissing her claim against Hearn Construction. In her sole assignment of error, plaintiff asserts that:
The jury erred when it found that defendant's negligence was not a cause in fact of plaintiff's injuries.

WORKER'S COMPENSATION INTERVENTION
In its assignments of error, Hearn Construction contends that the trial court committed reversible error when it entered an inconsistent judgment against it in favor of Albertsons after the jury found no liability *778 and rejected the plaintiff's claim for damages.
In the instant case, we find that the judgment entered on the intervention resulted from the trial court's interpretation of LSA-R.S. 23:1101. This statute sets forth the rights of a worker's compensation insurer in suits against third persons and provides in pertinent part:
* * * * * *
B. Any person having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit against such third person to recover any amount which he has paid or becomes obligated to pay as compensation to such employee or his dependents. The recovery allowed herein shall be identical in percentage to the recovery of the employee or his dependents against the third person and, where the recovery of the employee is decreased as a result of comparative negligence, the recovery of the person who has paid compensation or has become obligated to pay compensation shall be reduced by the same percentage.
C. For purposes of this Section, "third person" shall include any party who causes injury to an employee at the time of his employment or at any time thereafter provided the employer is obligated to pay benefits under this Chapter because the injury by the third party has aggravated the employment related injury.
D. (1) Any suit to recover amounts paid or obligated to be paid under the provisions of this Chapter or any intervention in an action involving an employee who has or is receiving benefits under this Chapter seeking reimbursement or credit for benefits paid or obligated to be paid under this Chapter shall be tried before a judge only.
(2) No suit brought under this Subpart or incidental action seeking reimbursement of amounts paid shall be allowed in a pending action involving a trial before a jury; however, such a suit or incidental action seeking such reimbursement may be tried before the judge involved in the jury trial but outside the presence of the jury. (Emphasis added.)
Because LSA-R.S. 23:1101 D provides that the claim of a worker's compensation insurer seeking reimbursement is to be tried before a judge only, the trial court concluded that the intervention was a separate cause of action in which it was allowed to make its own findings of fact. The trial court thus disregarded the jury's finding concerning the question of liability and concluded that Hearn Construction was in fact liable, based on the jury's factual finding that the speed bump had been negligently designed and constructed. We disagree with the trial court's interpretation of LSA-R.S. 23:1101 D.
The plaintiff's principal demand for damages and the insurer's incidental demand (intervention) for reimbursement of payments do not represent two separate causes of action. See, Stapleton v. Great Lakes Chemical Corporation, 616 So.2d 1311, 1320-1321 (La.App. 2nd Cir.), affirmed, 627 So.2d 1358 (La.1993). Therefore, LSA-R.S. 23:1101 D cannot be interpreted as to confer unto the insurer a separate and distinct cause of action. Clearly, LSA-R.S. 23:1101 B specifically grants to the insurer the right to urge a claim against a third person, either by way of intervention or in a direct suit, for reimbursement of any amount which the insurer has paid, or becomes obligated to pay as compensation to the injured employee. However, the right granted by LSA-R.S. 23:1101 B does not create a separate and distinct cause of action. See, Board of Com'rs of Port of New Orleans v. City of New Orleans By and Through Public Belt R. Com'n, 223 La. 199, 65 So.2d 313 (La.1953).
It is well settled that the insurer's right to recover compensation benefits which it paid on behalf of the injured employee is contingent upon the employee's right to recover from the third party tortfeasor. LSA-R.S. 23:1101 B; Stapleton v. Great Lakes Chemical Corporation, 616 So.2d at 1320; Bell v. Carolina Casualty Insurance Company, 227 So.2d 171 (La.App. 2nd Cir.1969), writ refused, 255 La. 151, 229 So.2d 733 (La.1970). The insurer's right for reimbursement of payments made is limited to cases where the injury creates a legal liability to pay damages in some third person. United States Fidelity & Guaranty Company *779 v. State, Through Department of Transportation and Development, 400 So.2d 287, 288 (La.App. 3rd Cir.), writ denied, 404 So.2d 1256 (La.1981); See, Richmond v. Employers' Liability Assur. Corporation, 31 So.2d 442 (La.App. 1st Cir.1947), writ denied, (La. 1947). Therefore, it follows that after the jury determined that Hearn Construction did not incur any legal liability for its negligence, the trial court should have dismissed the intervention proceedings.
Furthermore, even though LSA-R.S. 23:1101 D provides that the claim of a worker's compensation intervenor is to be tried by a judge, it does not allow a trial court to determine issues relative to the underlying tort cause of action. Rather, the statute simply allows the trial court to determine issues specific to a worker's compensation proceeding, i.e., the existence of an employment relationship, whether plaintiff was in the course and scope of his employment, etc. Stapleton v. Great Lakes Chemical Corporation, 616 So.2d at 1321. Since factual conclusions as to negligence and causation in the tort action by the judge were not allowable in this case, the trial court's decision is not entitled to parity with the jury's required decision. See, Stapleton v. Great Lakes Chemical Corporation, 616 So.2d at 1321. Accordingly, the judgment on the worker's compensation intervention is set aside.
We now turn our attention to reviewing the jury's factual determinations on the trial of the principal demand. Since we have determined that the trial court's actions in the worker's compensation intervention were of no effect, the jury's factual determinations must be reviewed under the general manifest error standard. Stapleton v. Great Lakes Chemical Corporation, 616 So.2d at 1320, 1321.

LIABILITY OF HEARN CONSTRUCTION
In her sole assignment of error, plaintiff contends that the jury manifestly erred in not finding that the defendant's negligent conduct was a cause-in-fact of her injuries. We disagree.
The standard of conduct required of persons in Louisiana in their relationship with one another as a basis of delictual liability is set forth in LSA-C.C. arts. 2315 and 2316.
Article 2315 provides:
Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
Damages may include loss of consortium, service, and society, and shall be recoverable by the same respective categories of persons who would have had a cause of action for wrongful death of an injured person.
Article 2316 provides that:
Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill.
Accordingly, under these articles, the elements of a cause of action are fault, causation, and damages. Dabog v. Deris, 625 So.2d 492 (La.1993), citing Morris v. Orleans Parish School Board, 553 So.2d 427, 429 (La.1989).
To cast the defendant in liability, the plaintiff must carry her burden of proof with respect to all three elements. In the instant case, the jury determined that the defendant was negligent but not liable in damages to plaintiff because plaintiff failed to prove the element of causation. The trial court entered judgment accordingly.
In reviewing the jury's factual determinations, we find that the judgment rendered on the jury's verdict was based on its answers to written interrogatories, which appear below in pertinent part:
1. Was Hearn Construction Company, Inc. negligent in the installation and construction of the speed bump?
YES X NO___
If your answer to Question No. 1 is "Yes", go to Question No. 2.
If your answer to Question No. 1 is "No", do not answer any further questions, sign and date the bottom of this verdict form and return it to the Court.
2. Was Hearn Construction Company, Inc.'s negligence the cause in fact of any injuries sustained by Joan Stafford?

*780 YES___ NO X
If your answer to Question No. 2 is "Yes", go on to Question No. 3.
If your answer to Question No. 2 is "No", do not answer any further questions, sign and date the bottom of this verdict form and return it to the Court.

* * * * * *
After reviewing the record in its entirety, we cannot say that the jury was clearly wrong or manifestly erroneous in failing to find a causal relationship between the defendant's conduct and the plaintiff's injuries after finding the defendant negligent.
Uncontroverted evidence, including testimony by John Hearn, president of Hearn Construction, established that the defendant negligently designed and constructed the speed bump. The speed bump, as it was originally constructed, presented a risk of injury to motorists and pedestrians alike.[4] Testimony adduced at trial established that it was constructed with a large drop-off and that its abnormally high height caused vehicles passing over it to "bottom out," resulting in damage to the vehicles. The evidence also established that the speed bump was the same color as the parking lot, rather than the typical yellow to warn pedestrians and motorists of a change in elevation. In fact, testimony presented at trial revealed that several customers had tripped over it and lodged complaints with Albertsons. When these facts and the manner in which the jury interrogatories were drawn are considered, it cannot be said that, under the circumstances, a reasonable factfinder would not have concluded that the defendant was negligent in the design and construction of the speed bump.[5]
However, the negligent conduct of which the plaintiff complains must be a cause-in-fact of her injury, not injury to others who are not before the court. Negligent conduct is a cause-in-fact of harm to another if it was a substantial factor in bringing about that harm. Miller v. Louisiana Gas Service Company, 601 So.2d 700 (La.App. 5th Cir.), writs denied, 604 So.2d 999, 1001 (La.1992). The defendant's conduct need not be the sole cause of plaintiff's harm, but it must be a necessary antecedent, i.e., if plaintiff can show that she probably would not have suffered harm absent the defendant's negligent conduct, plaintiff has carried her burden of proving cause-in-fact.
Conflicting evidence was presented at trial concerning what caused the plaintiff's harm. Hearn Construction contends that it was "loose gravel," "loose rocks," or "concrete" in Albertson's parking lot near the handicap ramp which caused plaintiff to fall, and that plaintiff's injuries resulted primarily from the fall she sustained in July of 1988. In support of its contention, Hearn Construction relies upon information in the accident report prepared by Mr. Eckles, as well as the history given by plaintiff to her initial treating physician. In both instances, plaintiff makes no mention of the speed bump. Yet, plaintiff contends that the sharp drop off in the speed bump, in combination with concrete debris remaining from its construction, caused her fall and resulting injuries, and that the jury erred in failing to find such.
Where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review. Dabog v. Deris, 625 So.2d at 493; Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). While the evidence established that plaintiff did fall in an area in which there was sharp debris, such as concrete or gravel, as evidenced by the sand and grit on her clothes and scratches on her hands and knees, the evidence also revealed that there was the same type of debris between the speed bump and handicap ramp, which were approximately four feet apart. Thus, the jury's determination that Hearn Construction's negligence was not a cause-in-fact *781 of the plaintiff's harm was reasonable. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d at 844; Watson v. State Farm Fire and Casualty Ins. Co., 469 So.2d 967 (La.1985).
In conclusion, although a reasonable factfinder could conclude from the evidence presented at trial that the defendant's conduct was negligent, a reasonable factfinder could nonetheless conclude from this very same evidence that the defendant's negligence was not a cause-in-fact of any injuries sustained by plaintiff. Before the defendant can be cast in liability, a causal relationship must exist between the injury complained of and the defendant's negligent conduct. This assignment of error is without merit.

CONCLUSION
For the above and foregoing reasons assigned, the judgment rendered on the jury verdict is affirmed. The judgment of the trial court on the worker's compensation intervention is reversed, and it is hereby ordered, adjudged, and decreed that the claims of Albertsons, Inc. against the defendant is dismissed with prejudice. All costs of this appeal are to be assessed one-half to plaintiffs and one-half to the intervenor.
AFFIRMED IN PART AND REVERSED IN PART.
NOTES
[1] Balcor Property Management, Inc. (Balcor), which owned and managed the shopping center on the date of the accident, was also made a defendant, but was subsequently dismissed from the suit, with prejudice, pursuant to the trial court's grant of a motion for summary judgment in its favor.
[2] The petition of intervention named plaintiff and Balcor as defendants, but Albertsons later dismissed its claims against Balcor.
[3] LSA-R.S. 13:850 provides that any paper in a civil action may be filed with the court by facsimile transmission and such filing shall be deemed complete at the time that the facsimile transmission is received and a receipt of the transmission has been transmitted to the sender by the clerk of court.

The facsimile when filed has the same force and effect as the original only if within five days, exclusive of legal holidays, after the clerk of court has received the transmission, the party filing the document forwards to the clerk (1) the original signed document; (2) the applicable filing fee, if any; and (3) a transmission fee of five dollars.
[4] Following the accident, the speed bump was removed, completely reconstructed and painted a contrasting color.
[5] In her brief, plaintiff contends that the jury interrogatories and the jury instructions were legally deficient or in error. These alleged errors are not properly before this court, however, because plaintiff failed to preserve the objection for appellate review by timely objecting on the record. See LSA-C.C.P. art. 1793; Menzie Tile Co., Inc. v. Professional Centre, 594 So.2d 410 (La. App. 1st Cir.1991), writ denied, 600 So.2d 610 (La.1992); Wiggins v. Exxon Corporation, 590 So.2d 1209 (La.App. 1st Cir.1991), writ denied, 595 So.2d 660 (La.1992).