WOODARD, Judge.
Workers’ compensation insurer, who intervened in employee’s tort action against third-party, appeals a decision of the district court, precluding it from participating in a jury trial on the main demand. We affirm.
FACTS
On or about July 26, 1993, plaintiff Kenneth Porter sustained an injury which arose out of, and in the course of, his employment with Office Depot. At the time of the injury, Porter was unloading merchandise for Office Depot from a Saia Motor Freight Line (Saia) trailer. He claims that he was injured when he fell into a hole injjthe floor of the trailer. Office Depot’s insurer, Lumbermens’ Mutual Casualty Company (Lumbermens’), paid Porter workers’ compensation benefits, on behalf of Office Depot.
On June 9, 1994, Porter brought an action against Saia in tort, seeking damages for his bodily injuries resulting from the accident. Lumbermens’, as the workers’ compensation insurer, intervened in this suit to recover the amount of workers’ compensation benefits paid by them to Porter. Because the trial was by jury, the trial court would not allow Lumbermens’, as an intervening party, to present any evidence to the jury or to otherwise participate in the trial. After a trial on March 26-28, 1996, the jury returned a verdict in favor of Saia and against Porter. On April 29, 1996, the trial court signed a judg *1199 ment accepting the jury’s verdict, dismissing the claims of Porter and Lumbermens’ against Saia, and assessing costs equally between Porter and Lumbermens’. Lumber-mens’ now appeals this judgment.
ASSIGNMENTS OF ERROR
Lumbermens’ claims the following assignments of error:
(1) The district court misinterpreted La. R.S. 23:1101(D) when, in relying upon that statute, it concluded that Lumber-mens’ Mutual Casualty Company, an intervening insurer attempting to recover Louisiana Workers’ Compensation Act benefits paid to or on behalf of Kenneth Porter, could not participate in any way in the jury trial of Kenneth Porter’s main demand, thus committing reversible error.
(2) The district court further committed reversible error by dismissing the workers’ compensation intervention of Lumbermen’s without considering any evidence of Lumbermens’ intervention on the basis that the merits of the intervention were determined solely from the merits of Kenneth Porter’s main demand notwithstanding the fact that the district court did not allow Lumbermens’ to participate in any way in the merits of the main demand.
(3) In the alternative, if the district court did correctly interpret La.R.S. 23:1101(D) so as to prohibit Lumber-mens’ from participating in the trial of Kenneth Porter’s main demand, that |3statute violates: Lumbermens’ guarantee of Due Process pursuant to Article I, Section 2 of Louisiana Constitution of 1974 and the Fourteenth Amendment, Section 1 of the United States Constitution; The Equal Protection Clauses set forth in Article I, Section 3 of the Fourteenth Amendment; Section 1 of the United States Constitution; and the guarantee of Access to Open Courts Clause set forth in Article I, Section 22 of the Louisiana Constitution of 1974; and
(4) The district court committed manifest error casting Lumbermens’ with one-half of the costs of the action notwithstanding the district court’s order prohibiting Lumbermens’ from participating in the jury trial of the main demand.
LAW
Because these two assignments are interrelated, we will address them together. Lumbermens’ assertion that the trial court erred as a matter of law requires this court to review the evidence de novo. Ferrell v. Fireman’s Fund Ins. Co., 94-1252 (La.2/20/95); 650 So.2d 742, on remand, 92-2116 (La.App. 4 Cir. 7/31/96); 680 So.2d 690. The trial court based its ruling on La.R.S. 23:1101 which states, in pertinent part:
B. Any person having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit against such third person to recover any amount which he has paid or becomes obligated to pay as compensation to such employee or his dependents....
[[Image here]]
D. (1) Any suit to recover amounts paid or obligated to be paid under the provisions of this Chapter or any intervention in an action involving an employee who has or is receiving benefits under this Chapter seeking reimbursement or credit for benefits paid or obligated to be paid under this Chapter shall be tried before a judge only.
(2) No suit brought under this Sub-part or incidental action seeking reimbursement of amounts paid shall be allowed in a pending action involving a trial before a jury; however, such a suit or incidental action seeking such reimbursement may be tried before the judge involved in the jury trial but outside the presence of the jury.
UfEmphasis added.) Based on the highlighted portions, the trial judge interpreted the statute as precluding Lumbermens’ from participating in Porter’s action against Saia. We agree with the trial court’s determination and affirm.
La.R.S. 23:1101 provides two avenues for an employer or its insurer to recover *1200 amounts paid as compensation. La.R.S. 23:1101(B) authorizes such a person to bring a direct suit against the third party. La.R.S. 2S:1101(D)(1) further authorizes the employer or its insurer to intervene in any action brought by the injured employee. When an employer or its insurer brings suit against a third party to recover compensation paid, the suit is to be “tried before a judge only.” La.R.S. 23:1101(D)(1). Thus, when an employer brings suit first, the trial court is the finder of fact for both the underlying tort claim and the workers’ compensation intervention. La.R.S. 23:1102; Roche v. Big Moose Oil Field Truck Service, 381 So.2d 396 (La.1980). However, once the injured employee has initiated an action against the third person, the employer is no longer free to bring its own action, but must intervene in the suit of the employee. If the employer or its insurer do not intervene in the employee’s suit, its right to recover is considered waived. Rice v. Flour Constructors, Inc., 577 So.2d 1054 (La.App. 4 Cir.1991).
In the present case, the dispute arises from the apparent conflict between the statute’s denial of a jury trial to an interve-nor, and the injured employee’s right to a jury trial against the third party. La.R.S. 23:1101(D)(2) states, in pertinent part, that:
No suit or incidental action ... shall be allowed in a pending action involving a trial before a jury ... [and] may be tried before the judge involved in the jury trial but outside the presence of the jury.
In cases like the one sub judice, that is, where the employee has brought suit against a third person and that suit is to be tried before a jury, courts have held that La.R.S. 23:1101(D):
does not allow a trial court to determine issues relative to the underlying tort cause of action, but simply allows the trial court to determine issues specific to a workers’ compensation proceeding, i.e., the existence of an employment relationship, whether plaintiff was in the course and scope of his employment, etc. When the jury decided the liability question against the plaintiffs, the trial court should have ended its inquiry into the intervention proceedings.
Stapleton v. Great Lakes Chem. Corp., 616 So.2d 1311, 1321 (La.App. 2 Cir.1993)(Stapleton I). On appeal, the supreme court upheld the second circuit’s reasoning, stating:
the determination of fault must be made by one trier of fact. Only the issues relating to the compensation claim, i.e. the existence of an employment relationship and the course and scope of employment, must be decided by a judge.
Stapleton v. Great Lakes Chem. Corp., 627 So.2d 1358, 1362 (La.1993)(Stapleton II). In so holding, the supreme court established that, when an employee brings suit against a third person for damages, and that suit is heard by a jury, the trial court is not free to disregard the jury’s findings regarding liability when deciding the intervenor’s claim. Once the jury has determined the liability of the third party, the trial court is bound by their determinations. If the jury finds the third party liable for the employee’s injuries, then the trial court must determine only the “issues specific to a workers’ compensation proceeding, i.e., the existence of an employment relationship, whether the plaintiff was in the course and scope of his employment, etc.” Stafford v. Hearn Const. Co., Inc., 632 So.2d 775, 779 (La.App. 1 Cir.1993), writ denied, 637 So.2d 155 (La.1994). Further, when the jury decides the liability question against the plaintiffs’, the trial court should end its inquiry into, and dismiss, the intervention proceedings. Stapleton I, 616 So.2d 1311; Stafford, 632 So.2d 775. If the jury decides the liability question against the plaintiffs, the principle demand is dismissed and the trial court “has no choice but to dismiss any claim based upon that demand.” Taylor v. Metropolitan Erection Co., 496 So.2d 1184, 1186 (La.App. 5 Cir.), writ denied, 497 So.2d 1388 (La.1986).
Lumbermens’ argues that the trial court erred in not considering any other evidence concerning its intervention, even outside the presence of the jury, citing La.Code Civ.P. art. 1039 as authority. Article 1039 states that a dismissal of the main demand “shall not in any way affect the incidental action, which must be tried and decided independently of the principle action.” However, Article 1039 allows trial of the incidental *1201 action when it “has been pleaded prior to motion by plaintiff in the principle action to dismiss the principle action.” In the present case, the plaintiff in 16the principle action did not bring a motion to dismiss. On the contrary, his action was tried by a jury, and the third party was found not liable. Thus, Article 1039 does not apply, and the trial court properly dismissed Lumbermens’ intervention.
Lumbermens’ further argues that, as co-owner of the cause of action against Saia, it has the right to present evidence before the jury. In support of this assertion, Lumbermens’ cites Moody v. Arabie, 498 So.2d 1081 (La.1986), for the proposition that the supreme court, in recognizing the obligation of a co-owner to contribute to the litigation expenses, also recognized the right of the co-owner to define the extent and character of his participation in the presentation of the third-party tort action. Lumbermens’ asserts that this court’s language in Broussard v. Olin Corp., 546 So.2d 1301, 1308 (La.App. 3 Cir.1989), stating that “in theory, if the intervening carrier is going to bear a portion of the fee paid to the workers’ attorney, the carrier is going to be much more active in the prosecution of the claim” includes participating in the trial on the merits of the main demand. While we agree that the court in Moody recognized the employer or its insurer as co-owners of a property right, we do not agree that Moody authorizes intervenors to participate in a trial before a jury.
Moody specifically dealt with the question of whether an employer or insurer, who intervenes, is obligated to pay a portion of the attorney fees out of its share of recovered fees. While Moody did discuss the effects of co-ownership on the apportionment of attorney fees, it did not discuss whether an inter-venor, as a co-owner of a right, is thereby entitled to participate in a jury trial on the main demand. The supreme court’s statement, that an intervening carrier is more likely to be active in the prosecution of the claim, cannot be read so broadly. Surely, the intervenor can be active in the prosecution of the main demand without presenting its own evidence before a jury. It may assist the plaintiff with research, expert reports, depositions and other matters. Furthermore, even though the Moody holding does not directly apply to the case at bar, the court’s discussion of the effects of co-ownership is somewhat illuminating. In particular, the court held that:
The interests of co-owners do not represent distinct material units. Therefore none of them can exercise without the consent of the other co-owners any physical or legal acts aimed at the whole or even the smallest specific portion of the thing, if such acts imply the present and |7direct exercise of ownership. No co-owner may cause any material changes, unless all the co-owners have consented, tacitly if necessary. Acts by a sole co-owner, if useful to all, are ratified as a defacto agency (nego-tiorum gestio). Each co-owner may force the others to contribute to the costs of maintenance and conservation of the common thing in proportion to their interests; but they can acquit themselves of this duty by abandoning their co-ownership right.
Moody, 498 So.2d at 1086 (citations omitted and emphasis added). The court went on to hold that:
Each co-owner is liable for necessary maintenance and conservation costs, such as those involved in filing suit and interrupting prescription, regardless of whether he has consented to them. Ordinarily he would not be bound for other litigation costs incurred without his consent, but the workers’ compensation law dispenses with the requirement of his consent. The statute authorizes either the worker or the employer to affect and materially change the whole right by prosecuting a suit against the third person and by recovering for all damages sustained. Moreover, whenever the worker or the employer intervenes in such an action, he tacitly consents to a material change in the right and ratifies all reasonable and necessary acts which are useful and beneficial to his interest.
Id. at 1085-86 (emphasis added). Thus, while the right to recover is eo-owned by the employer or carrier and the employee, under the statute, the employee may make material changes to this right by prosecuting a suit *1202 against the third person. Because the exercise of this right is authorized by statute, the consent of the employer or its insurer is tacitly given. Thus, Lumbermens’, as a co-owner with Porter, tacitly consented to Porter’s material change in the co-owned right. By not bringing suit against Saia directly, but instead, intervening in Porter’s jury trial, Lumbermens’ lost the right to participate in the trial on the main demand.
Lumbermens’ argument that the trial court erred by not allowing it to participate in the trial of the main demand and not considering its evidence outside the presence of the jury is without merit. Even had such evidence been considered by the trial court, it would have had no affect on the outcome of this case, since the trial court cannot disregard the findings of the jury. For these reasons, this assignment has no merit.
| gCONSTITUTIONALITY OF LaR.S. 23:1101
Having determined that the trial court properly applied La.R.S. 28:1101, we must now turn to Lumbermens’ third assertion, that La.R.S. 23:1101 violates: Lumber-mens’ guarantee of Due Process pursuant to Article I, Section 2 of Louisiana Constitution of 1974 and the Fourteenth Amendment, Section 1 of the United States Constitution; The Equal Protection Clauses set forth in Article I, Section 3 of the Fourteenth Amendment; Section 1 of the United States Constitution; and the guarantee of Access to Open Courts Clause set forth in Article I, Section 22 of the Louisiana Constitution of 1974. For the following reasons, we find that the issue of the constitutionality of La.R.S. 23:1101 is not properly before this court.
In Williams v. State, Dept. of Health and Hospitals, 95-0713, pp. 5-6 (La.1/26/96); 671 So.2d 899, 902, the supreme court held that:
The law in this area is clear. The constitutionality of a statute must first be questioned in the trial court. If a party attacks a statute’s constitutionality, the attack must be specifically pleaded (petition, exception, written motion, answer) and the grounds particularized. The parties will then be allowed sufficient time to brief and prepare arguments regarding their position on constitutionality and a contradictory hearing must occur in the trial court after the parties have had ample time to brief and prepare arguments.
Lumbermens’ argues that it was not able to follow this procedure and raise the issue of constitutionality at trial because it was not recognized as a party to the present action. Lumbermens’ further states that it did not have an opportunity to be heard until after the trial, when the trial court dismissed its intervention. In its brief, however, Lumber-mens’ states that:
prior to the start of trial and as a follow-up to a telephone conference between the parties and the Honorable Judge Conque that was held on March 20,1996, the Honorable Judge Conque ordered that Mr. Antonio Le Mon, counsel for Lumbermens’, not be allowed to participate in the jury trial set to begin on March 26, 1996. The Honorable Judge Conque based his decision on his interpretation of La.R.S. 23:1101-
Thus, while Lumbermens’ asserts that it was not afforded an opportunity to be heard until after the completion of the jury trial, it admits that it was aware of the trial |9court’s ruling prior to the start of the trial. At that point, Lumbermens’ could have raised the constitutionality of La.R.S. 23:1101, or sought a writ, but did neither. Lumbermens’ failure to present this issue in the trial court renders it inappropriate for us to now consider. As such, this assignment of error has no merit.
Allocation of Costs
In its final assignment of error, Lum-bermens’ asserts that the district court committed manifest error in assessing any costs of the underlying tort claim against Lumber-mens’. Specifically, Lumbermens’ argues that La.Code Civ.P. art. 1920 requires that the assessment of costs be “equitable.” Because it was not allowed to participate in the trial of the main demand, it argues, any assessment of costs against Lumbermens’ is inequitable. Lumbermens’, however, has not cited any cases for this proposition.
This court, in Sheffield v. Union Texas Petroleum Corp., 592 So.2d 471, 477 (La.App. 3 Cir.1991), held that:
*1203 Assessment of costs by the trial court will only be disturbed upon a showing of abuse of discretion. Aetna, having intervened in the suit [as the workers’ compensation insurer for the employer], would have shared in the benefits if plaintiff had been successful. On the other hand, it is certainly not inequitable for Aetna to share in the costs which have resulted in an unfavorable outcome to plaintiffs. Under the circumstances, we do not find that the trial court abused its discretion in assessing Aetna with one-half of the court costs.
Because we have already found that Lumber-mens’ did not have a right to participate in the jury trial of the main demand, and in light of this court’s holding in Sheffield, we find that the trial court did not err in its assessment of costs. For these reasons, this assignment is without merit.
ImCONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are to be borne by the intervenor, Lumbermens’ Mutual Casualty Company.
AFFIRMED.