| iYELVERTON, Judge.
This writ application presents the question of the constitutionality of La.R.S. 23:1101(D) dealing with employee and employer suits against third persons in a workers’ compensation setting. We deny the writ application finding, as the trial court did, that the statute is constitutional.
Austin Industries, Inc. and its workers’ compensation insurer, St. Paul Fire and Marine Insurance Company, filed a petition of intervention in a tort suit that had been filed by Charles Legros and his wife for injuries he sustained when he was ^employed by Austin and fell from a roof at Westlake Polymers Corporation. Austin and St. Paul intervened to recover workers’ compensation payments made to Mr. Legros. The Legras-es have requested and been granted a trial by jury.
PROCEDURAL FACTS
The Legrases and several of the defendants filed separate motions to preclude Austin and St. Paul from actively participating in the trial depositions and in the trial on the merits. A hearing on the matter was held on March 24, 1997. The trial court granted the motions. Austin and St. Paul then filed a motion for reconsideration. At a hearing on April 8,1997, they argued that it was unconstitutional to not allow Austin and St. Paul to participate in the presentation of the evidence to the jury on the issue of liability.
After considering the arguments of the parties, a judgment was signed by the trial court on April 28, 1997, precluding Austin and St. Paul from participating in trial depositions and in the trial on the merits. Austin and St. Paul applied to this court for a supervisory writ to determine the validity of that ruling. We ordered the record and called the case up for a full opinion. This is our opinion finding no error in the trial court’s ruling.
*879 CONSTITUTIONALITY OF THE APPLICATION OF LA. R.S. 23:1101
The employer or its insurer can recover amounts paid as compensation to an injured worker from a third party who causes injury. A suit may be filed by the employer or its insurer pursuant to La.R.S. 23:1101(B), or the employer or insurer may 13intervene in a pending suit pursuant to La.R.S. 23:1102(A). Austin and St. Paul filed an intervention in the Legroses’ pending suit.
Regarding an intervention by the employer or its insurer, La.R.S. 23:1101(D) provides:
D. (1) Any suit to recover amounts paid or obligated to be paid under the provisions of this Chapter or any intervention in an action involving an employee who has or is receiving benefits under this Chapter seeking reimbursement or credit for benefits paid or obligated to be paid under this Chapter shall be tried before a judge only.
(2) No suit brought under this Subpart or incidental action seeking reimbursement of amounts paid shall be allowed in a pending action involving a trial before a jury; however, such a suit or incidental action seeking such reimbursement may be tried before the judge involved in the jury trial but outside the presence of the jury.
This court has recently interpreted these provisions in Porter v. Saia Motor Freight Line, Inc., 96-1141 (La.App. 3 Cir. 3/19/97); 692 So.2d 1197. In Porter, this court quoted the holding in Stapleton v. Great Lakes Chemical Corp., 616 So.2d 1311, 1321 (La. App. 2 Cir.), writ granted, 620 So.2d 856 (La.1993), affirmed in part, vacated in part, 627 So.2d 1358 (La.1993), on remand, 24386 (La.App. 2 Cir. 5/4/94); 639 So.2d 300, writ denied, 94-2220 (La.11/18/94); 646 So.2d 380, that LSA-R.S. 23:1101(D):
[D]oes not allow a trial court to determine issues relative to the underlying tort cause of action, but simply allows the trial court to determine issues specific to a worker’s compensation proceeding, i.e., the existence of an employment relationship, whether plaintiff was in the course and scope of his employment, etc. When the jury decided the liability question against the plaintiffs, the trial court should have ended its inquiry in the intervention proceedings.
|4On a writ of review, the supreme court approved the second circuit’s analysis of the respective duties of the judge and jury with regard to an intervention pursuant to La.R.S. 23:1101(D). Stapleton v. Great Lakes Chemical Corporation, 627 So.2d 1358 (La.1993). The first circuit has also used this analysis. Stafford v. Hearn Construction Co., Inc. 632 So.2d 775 (La.App. 1 Cir.1993); writ denied, 94-0735 (La.4/22/94); 637 So.2d 155.
Also in Porter, discussing the impact of the holding in Moody v. Arabie, 498 So.2d 1081 (La.1986), this court held that the workers’ compensation carrier that had intervened in the employee’s action against an alleged third-party tortfeasor was not entitled to participate in the jury trial of the employee’s main demand or to present evidence to the trial judge outside the jury’s presence. Porter, 692 So.2d 1197.[1] This is exactly the ruling the trial court made in the present case.
Austin and St. Paul do not dispute that this is the procedure that is followed with regard to their intervention claim for reimbursement of workers’ compensation benefits they paid to Mr. Legros. However, they argue that the trial court’s ruling, which precludes them from participating in the trial on the merits, is an unconstitutional application of La.R.S. 23:1101(D). Austin and St. Paul assert that their right to bring an action against third persons to recover amounts paid as compensation to or on behalf of employees is a vested property right. They claim that their property right will be significantly impaired by their inability to present their case on liability to the jury. As a result, they argue that they are denied due process, equal | sprotection, and access to open courts guaranteed by the Louisiana and United States Constitutions.
*880 The issue of the constitutionality of this provision was before this court in Porter. However, this court found that the constitutional issue had not been presented to the trial court and did not consider the issue. In our present case the constitutionality of La. R.S. 23:1101(D) was presented in the trial court by way of motion for reconsideration with the grounds particularized. See Williams v. State, Dept. of Health & Hospitals, 95-0713 (La.1/26/96); 671 So.2d 899. Also, the attorney general was served with a copy of the proceeding. See Vallo v. Gayle Oil Co., Inc., 94-1238 (La.11/30/94); 646 So.2d 859. The constitutional question is properly before us.
DUE PROCESS
Both U.S. Const. Amend. XIV and La. Const. art. I, § 2 provide that no person shall be deprived of life, liberty, or property, except by due process of law. Austin and St. Paul claim that as an employer, Austin is a co-owner with Mr. Legros of a cause of action which is a protected property right. They claim that when that property right is affected, they are entitled to due process of law.
We agree that when a cause of action accrues, it is a vested property right that may not constitutionally be divested. Cole v. Celotex Corp., 599 So.2d 1058 (La.1992). We also agree that Austin and St. Paul had a cause of action pursuant to La. R.S. 23:1101(B), which gives anyone who has become obligated to pay compensation a cause of action to bring suit against a third-party tortfeasor to recover such compensation. However, once the employee files suit, it is jurisprudentially ^established that the only right the employer has is to intervene in the pending suit. Roche v. Big Moose Oil Field Truck Service, 381 So.2d 396 (La.1980), appeal dismissed, 449 U.S. 808, 101 S.Ct. 54, 66 L.Ed.2d 11 (1980); Houston General Ins. Co. v. Commercial Union Ins. Co., 94-0399 (La.App. 1 Cir. 12/22/94); 649 So.2d 776, appeal after remand, 96-0379 (La.App. 1 Cir. 11/8/96); 682 So.2d 1341.
The explanation for this is as follows. The employee has a right to collect damages from the third-party tortfeasor as a result of La.Civ.Code art. 2315. Todd-Johnson Dry Docks v. City of New Orleans, 55 So.2d 650 (La.App.Orleans1951); Roche, 381 So.2d 396. The employer’s action is only incidental to the right of the employee. Id. The employer’s right is not a separate and distinct cause of action. Stafford, 632 So.2d 775. The employer’s “right to recover compensation benefits which it paid on behalf of the injured employee is contingent upon the employee’s right to recover from the third party tortfea-sor.” Id. at 778.
It follows that once the employee seeks to assert the cause of action he has pursuant to Article 2315, the employer or insurer does not have a vested property right until the third-party tortfeasor has been found liable to the employee. The third-party tortfeasor’s liability has yet to be found in the present case. Austin and St. Paul have not been denied any due process of law by not being able to participate in the liability phase of the proceedings since they do not have a vested property right yet. As enunciated in Marquette Casualty Company v. Brown, 235 La. 245, 250, 103 So.2d 269, 271 (1958), “though the compensation paying employer is given the preferential right to reimbursement out of the judgment, recovery is necessarily restricted to the framount for which the tortfeasor is liable to the injured employee for the consequences of his wrongful act.”
We recognize that Moody, 498 So.2d 1081, holds that an employer and worker become co-owners of a property right consisting of the right to recover damages from a third person when an employer pays compensation to a worker who has been injured. However, the employer does not have a vested property right until the third party is determined to be liable for a wrongful act.
The employer has not been personally injured but only economically injured, and the questions of law and fact giving rise to the delictual responsibility of the third party visa-vis the employee are not personal between the employer and the third party. Questions like fault, causation, and the amount of damages can better be proved by the injured employee who is the victim of the tort. *881 Moreover, the employee victim, who in many cases has lost more than money can restore to him, may himself be unconstitutionally deprived of his right to assert his cause of action if the employer (essentially a third party to the tort) is allowed to meddle or interfere with the assertion of that cause of action. The right to join in the suit should not give the employer the right to direct and control the suit. The direction and control of the suit should be with the injured employee.
This is especially true in this case in which there is an indemnification agreement between Austin and Westlake Polymers, one of the defendants. At the hearing on the constitutional issues, the Legroses introduced the indemnification agreement. Pursuant to the agreement, Austin is potentially required to defend and indemnify Westlake Polymers in this very suit. Austin’s position is not necessarily 18aligned with the interests of the Legroses. It could be better for Austin if Westlake Polymers is not found liable to the Legroses. Allowing it to participate in the case would give Austin a measure of empowerment to control whether its ultimate liability is determined by tort or workers’ compensation remedies. This is another example of why it is better to let the Legroses handle the pursuit of their liability claim.
For the above reasons, we find that Austin and St. Paul have not been denied due process of law by the application of La.R.S. 23:1101(D) in allowing them to participate in the proceeding tried before the judge only. The liability of the third-party tortfeasor is what is tried to the jury. In this intervention suit, Austin and St. Paul do not have a vested property right before the liability of a third-party tortfeasor has been determined.
EQUAL PROTECTION
Austin and St. Paul also argue that the application of La.R.S. 23:1101(D) by the trial court violates their equal protection rights under La. Const. art. 1, § 3 and U.S. Const. amend. XIV. They claim that they are similarly situated with the Legroses but are being treated differently.
Statutes are presumed to be constitutional, and the party challenging the validity of a statute generally has the burden of proving unconstitutionality. Moore v. RLCC Technologies, Inc., 95-2621 (La.2/28/96); 668 So.2d 1135. When a statutory classification is based on any of the six enumerated grounds in the equal protection clause, the classification is a prima facie denial of equal protection because the ordinary presumption that statutes are constitutional no longer applies. Id. The burden |9is then shifted to the proponent of the classification and the standard of review is heightened, requiring the proponent to establish that the classification substantially furthers an important governmental objective. Id.
The classification here, employers and employees, is not one of the enumerated classes. Therefore, the burden is on Austin and St. Paul to prove that the application of La.R.S. 23:1101(D), as indicated, does not suitably further an important governmental objective. Id.
In order to analyze an equal protection challenge, it is helpful to make three basic inquiries: (1) What is the challenged classification; (2) Who is the person suffering discrimination; and (3) What is the legislature’s purpose for the classification. Id.
We have already said that the classification is between employee and employer, and the employer is the one who suffers the discrimination. The application of La.R.S. 23:1101(D) by the trial judge furthers an appropriate governmental interest.
When La.R.S. 23:1101(D) was enacted by Acts 1990, No. 973, § 1, it was to provide that certain suits for reimbursement of benefits were to be tried before a judge only. At the same time La.Code Evid. art. 411.1 (now La.Code Evid. art. 414), which provided that evidence of the nature and extent of a workers’ compensation claim or payment of benefits shall not be admissible to a jury, directly or indirectly, was enacted. This evidence was to be presented to the judge only.
The obvious reason for these laws is to protect the integrity of the injured worker’s claim against a third-party tortfeasor from being tainted with the evidence that the worker has already received some | ipcompensation or will receive some eompen- *882 sation. This could possibly lead a jury to make a lower and unfair award. These laws reaffirm the concept that the Workers’ Compensation Act is “to insure the tortfeasor is held responsible for the damages he or she causes, and is not permitted to escape liability merely because the victim may be entitled to assert a claim for compensation from the employer.” Stelly v. Overhead Door Co. of Baton Rouge, 94-0569, p. 8 (La.12/8/94); 646 So.2d 905, 913.
However, by allowing the employer to participate in the damages phase of the proceedings, “[t]he employer’s right to indemnity is preserved and double recovery by the employee prevented by authorising the employer to intervene in the employee’s suit and requiring that the judgment be in favor of the employer to the extent required to indemnify him. Thus, only the excess goes to the employee.” Malone and Johnson, Louisiana Civil Law Treatise, Workers’ Compensation, § 367, at 237 (1994). Austin and St. Paul are not denied equal protection in not being allowed to participate in the liability phase of the proceedings.
ACCESS TO OPEN COURTS
Austin and St. Paul finally argue that they will be denied access to court to defend their property right, in violation of the guarantee of La. Const, art. I, § 22, the open courts provision. This is a mandate to the judiciary rather than a limitation on the legislature. Crier v. Whitecloud, 496 So.2d 305 (La.1986). As we have pointed out, Austin and St. Paul do not have a cause of action that is a vested property right until a third party is found hable. Therefore, this constitutional provision affords no substantive relief in the present case. Id.
1 nWRIT DENIED : There is no error in the trial court’s ruling that it is constitutional to deny Austin Industries, Inc. or St. Paul Fire and Marine Insurance Company from participating in the trial on the merits and the depositions.

. Moody held that when an employer pays compensation to a worker who has been injured by the wrongful act of a third person, employer and worker become co-owners of a property right consisting of the right to recover damages from a third person.